304 So.2d 429 (1974)
Wilda Liner Falgout MOREAU, Plaintiff-Appellee,
v.
Earl Joseph FALGOUT, Defendant-Appellant.
No. 9738.
Court of Appeal of Louisiana, First Circuit.
March 22, 1974.
*430 William T. Allison, Morgan City, for defendant-appellant.
Robert S. Robertson, Morgan City, for plaintiff-appellee.
Before BLANCHE, TUCKER[*] and VERON, JJ.
BLANCHE, Judge.
Earl Joseph Falgout (defendant) appeals suspensively from a judgment rendered against him for accumulated arrearages of alimony and child support in the amount of $9,225.92. Mrs. Wilda Liner Falgout Moreau (plaintiff) has answered the appeal asking that the amount of the judgment be increased to $11,625.92. Before discussing the issues raised here by the litigants, the following chronology of pertinent dates is noted:
1. On October 15, 1962, plaintiff obtained a judgment of separation from the defendant, custody of their five minor children, and $235.00 per month as alimony for herself and support for the minor children.
2. On October 18, 1963, she obtained a judgment against the defendant for accumulated arrearages in the amount of $1,400.00.
3. On March 20, 1964, defendant obtained a divorce from the plaintiff on the grounds that there had been no reconciliation between the parties since the date of the judgment of separation. The judgment therein awarded Mrs. Falgout the sum of $220.00 per month as permanent alimony and child support.
4. On September 14, 1964, defendant had the alimony and child support payments reduced to $195.00 per month. While the court minutes reflect the rendition of such a judgment, a signed copy thereof is not contained in the record.
5. On October 31, 1966, plaintiff obtained a support order in an Alaskan court pursuant to L.R.S. 13:1641 et seq., Uniform Reciprocal Enforcement of Support Act (URESA) ordering defendant to pay $175.00 per month for child support, which judgment was subsequently reduced to $140.00 per month on June 10, 1968.
6. The instant rule was filed on March 23, 1972, and heard on April 7, 1972.
At the outset of the hearing it was stipulated that from October, 1963 to the date of the hearing defendant would have owed the total sum of $22,750.00, that he has paid $11,224.08, leaving an unpaid difference of $11,625.92. The trial judge fixed the arrearage at $9,225.92. We affirm.
PLEA OF PRESCRIPTION
We first consider defendant's plea of prescription. It was not urged in the trial court. This, in itself, does not preclude its imposition on appeal; however, it should be raised by proper pleading and should not be urged solely by way of brief. C.C.P. Art. 2163, Scott v. Boh Bros. Const. Co., 195 So.2d 353 (4th La.App., 1967). *431 Defendant's plea of prescription is based on the holding in Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1965), which announced the rule that a subsequent judgment of divorce automatically abates alimony and child support payments previously included in a judgment of separation. He, therefore, contends that any payments due between the dates of October 15, 1962 and March 20, 1964 have long since prescribed. C.C. Art. 3538.[1] Assuming, arguendo, that we should consider his plea of prescription, we find the same without merit for the fact that defendant's own stipulation did not designate what portion of the amount paid $11,224.08 was paid during the interim period between the effective dates of the judgments of separation and divorce mentioned above.
We now address ourselves to the merits of the appeal.
The stipulation between counsel for the parties, supra, obviously took in consideration the accrued arrearages as of October, 1963. The $11,124.08 paid by defendant from that date does not specify what portion, if any, was paid between that date and the divorce decree of March 20, 1964. Defendant offered no evidence other than the stipulation. This precludes us from allotting any amount of the funds stipulated to have been paid to be for the interim period between October, 1963, and the date of the judgment of divorce. It would be pure conjecture on our part to do so here. The burden of proof rests with the defendant to specifically show that any portion of the sums paid by him was to be applied to the amount ordered in the separation decree. It is further noted by us that the amount of $220.00 prescribed in the divorce judgment was determined by mutual agreement.
It is defendant's principal contention here that the judgments of the court in Alaska (URESA), originally in the sum of $175.00 per month and later reduced to $140.00 per month, had the effect of modifying previous judgments of the 16th Judicial District Court for St. Mary Parish which provided for payments of $220.00 per month from October, 1962, until September of 1964, when it was reduced to $195.00. This contention is without merit. The courts of this state have always been open to the defendant to seek a modification of its decree by proper procedure. Defendant did not elect to do this. In Davis v. Contorno, 234 So.2d 470 (1st La. App.1970), we held that L.R.S. 13:1643 ". . . provides that the remedies available under URESA are in addition to and not in substitution of any other remedies." 234 So.2d 470, 473.
While defendant can claim credit for the amounts paid under URESA, he cannot urge that a judgment rendered pursuant to this latter procedure modifies a previous judgment of a court of this state. The trial judge properly took into consideration the stipulation and gave him credit for all sums paid by him under all judgments, state or foreign.

PLAINTIFF'S ANSWER
Plaintiff has answered the appeal and argues that since the judgment of September 14, 1964, was not signed, defendant cannot claim the benefit of the reduction from $220.00 to $195.00 per month. She, therefore, urges that she is entitled to $25.00 per month for the period September, 1964, to September, 1972, or the additional sum of $2,400.00 which the trial judge declined to award her. She cites as authority for this proposition the case of *432 Isom v. Stevens, 148 So. 270 (1st La.App. 1933). While the Stevens case undoubtedly stands for the well established rule that a judgment is not final, nor can it be appealed, until it is signed, this rule is not applicable in the instant matter. Plaintiff is seeking by rule to have accumulated arrearages fixed and as fixed to obtain a judgment upon which she can execute. She has obtained her judgment and it is from this judgment that defendant has appealed. The purpose of her pursuing this matter was to obtain just such relief. Judgments decreeing alimony or child support are effective as between the parties from the date of rendition. Though it is necessary that they be signed, as must all other judgments to be final, it is not error on the part of a trial judge to take notice of the minutes of his own court in matters relating to alimony and/or child support when the judge is called upon to fix accumulated arrearages. Here it would serve no useful purpose to remand this matter for the simple expedient of having an interim judgment signed because the result reached in the final analysis in computing arrearages would be the same.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[*] Due to the death of Judge TUCKER prior to rendition, this opinion is rendered unanimously by BLANCHE and VERON, JJ.
[1] Art. 3538. Actions prescribed by three years; discontinuance of proscription

Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
* * * * * *