CHEHARDY, Judge.
Plaintiff Lenore Davis Madden appeals from a judgment in her favor in the sum of $6,700 for past-due child support payments. The following chronology is pertinent:
1. On November 27, 1979 plaintiff obtained a divorce from her husband Thomas L. Davis, custody of her minor daughter, and child support of $175 per week. The judgment rendered by the Chancery Court of Harrison County, Mississippi, where the parties were then domiciled, incorporated a separation agreement executed by the parties on August 30, 1979 wherein the custody, support and other matters had been mutually agreed upon.
Davis became delinquent in the support payments and his former wife, since remarried, invoked proceedings in the Chancery Court under the Uniform Reciprocal Enforcement of Support Act (URESA). As the defendant had become a resident of this state, the matter was heard before the Juvenile Court for the Parish of Jefferson, the proper forum for the URESA proceeding. LSA-R.S. 13:1664. (It is to be noted that in a URESA proceeding the prosecuting attorney of the responding state is charged with the duty of taking all necessary action in the matter.)
2. On May 27, 1980 in the URESA matter the juvenile court rendered an award *543 for support in the sum of $400 per month, and an additional $200 per month on the arrears. The total amount of the arrears is not indicated in the judgment.
3. On December 16, 1980 plaintiff, now also a Louisiana domiciliary, instituted suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson to have the Mississippi judgment recognized as the judgment of this state. This the court did by judgment of May 11,1980, and a rule for past-due child support was then filed. It is averred that defendant was not only delinquent under the Mississippi judgment, but also under the URESA judgment.
4. Following hearing on the rule, the district court, by judgment signed June 17, 1980, awarded plaintiff past-due and unpaid child support in the sum of $6,700, which was made executory. It is conceded that this award is based, in part, on the URESA judgment of $400 per month, as opposed to the Mississippi judgment of $175 per week.
RECOGNITION OF THE JUDGMENT FOR CHILD SUPPORT
LSA-C.C.P. art. 2541 provides, in pertinent part, that a party seeking recognition of a judgment or decree of a court of another state must bring an ordinary proceeding against the judgment debtor in a proper Louisiana court to have the judgment or decree recognized and made the judgment of the Louisiana court.
This the plaintiff did when she filed suit in the Twenty-fourth Judicial District Court along with a duly authenticated copy of the judgment from the Chancery Court of Harrison County, Mississippi, ordering defendant to pay her $175 per week for child support.
THE FULL FAITH AND CREDIT CLAUSE
Plaintiff contends that the trial court erred in failing to give full faith and credit to this judgment as required by U.S. Const. Art. IV, Sec. 1.
The general rule is that a foreign judgment ordering periodic payments of child support is entitled to full faith and credit as to accrued installments, where these are not subject to modification at the discretion of the court under the law of the state rendering the judgment. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Weston v. Weston, 177 La. 305, 148 So. 241 (1933); Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3d Cir.1976); Devore v. Devore, 172 So.2d 923 (La.App. 4th Cir.1965); Folds v. Folds, 160 So.2d 251 (La.App. 2d Cir.1964).
Defendant concedes that accrued installments are not subject to modification in Mississippi. Hambrick v. Prestwood, 382 So.2d 474 (Miss.1980); Howard v. Howard, 191 So.2d 528 (Miss.1966). However he contends that installments falling due after the URESA judgment were properly based on the lesser award.
THE EFFECT OF THE URESA JUDGMENT
To determine the extent to which the URESA judgment affects the Mississippi judgment which the Louisiana district court recognized, we turn to LSA-R.S. 13:1643, which provides that URESA remedies are in addition to, and not in substitution for, any other remedies. Thus the URESA order of this state, acting as a responding state, did not supersede the previous judgment of support of the rendering state, and appellant had the right to petition the district court in this state to recognize her Mississippi judgment.
Defendant contends because the Mississippi courts have authority to reduce monthly payments as to future installments not yet due or in arrears, once the plaintiff sought enforcement pursuant to URESA (R.S. 13:1664) she is precluded from seeking a remedy in any other court. This contention is without merit. The courts of this state have always been open to the defendant to seek modification of a -decree by proper procedure. He could have applied to the Mississippi court or the Twenty-fourth Judicial District Court when the Mississippi judgment was recognized in this state for a *544 reduction if his financial condition so warranted, but he did not elect to do this.
Clearly under R.S. 13:1685 once the district court of Jefferson Parish recognizes the Mississippi judgment it must allow full faith and credit to that judgment in the absence of a modification of its decree by a proper procedure. Defendant is entitled to credit for any amounts paid under URESA, but this does not mean a URESA judgment modifies the previous support judgment. Moreau v. Falgout, 304 So.2d 429 (La.App. 1st Cir.1974).
For the foregoing reasons we reverse the judgment appealed from and remand to allow plaintiff the opportunity to prove the amount of arrearage due under the Mississippi child support judgment which this court decrees is entitled to full faith and credit, subject to credit for any sums paid under the URESA judgment or otherwise. Assessment of costs is to await a final determination herein.
REVERSED AND REMANDED.