428 So.2d 1265 (1983)
Rita Queen TRICE, Plaintiff-Appellee,
v.
Dr. Juniper Olyen TRICE, Defendant-Appellant.
No. 82-572.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
*1266 Michael J. Bonnette, Natchitoches, for defendant-appellant.
Michael Henry, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Rita Queen Trice instituted this action against Dr. Juniper Olyen Trice, praying that the Mississippi divorce decree dissolving her marriage to the defendant be made executory in Louisiana. Additionally, plaintiff sought arrearages in child support, allegedly due under the aforesaid judgment, and attorney's fees. Dr. Trice reconvened requesting a reduction in child support.
The trial court rendered judgment in favor of Mrs. Trice and against Dr. Trice on the main demand, making the Mississippi judgment executory in Louisiana, and awarding past due child support in the principal amount of $10,100.00, together with attorney's fees in the amount of $500.00. On the reconventional demand, the trial judge rendered judgment in favor of Dr. Trice and against Mrs. Trice reducing the monthly child support payments to $500.00 per month effective April 1, 1982. Defendant appealed and plaintiff, defendant in reconvention, has answered the appeal. Dr. Trice appeals from that portion of the judgment awarding $10,100.00 as past due child support and the $500.00 in attorney's fees. Mrs. Trice, in answer to the appeal, asks for an increase in attorney's fees and for relief from the portion of the judgment reducing the child support payments from $800.00 to $500.00 per month.
The parties were divorced by judgment dated October 2, 1979 in the case styled "Rita Queen Trice v. Dr. Juniper Olyen Trice", docket number 7972, Chancery Court, 1st Judicial District, Bolina County, Mississippi. In this judgment, Rita Queen Trice was awarded the custody of two minor children born of the marriage, Derrick and Dario, and was awarded $800.00 per month as child support with the first payment due October 1, 1979.
From October 1, 1979 through the end of February, 1980, Dr. Trice made only one $800.00 monthly payment. Thus, for this time period, Dr. Trice accumulated an arrearage of $3,200.00. This amount of arrearage is not disputed on appeal.
In February of 1980, a criminal neglect complaint seeking a court order of support was lodged from the state of Mississippi against Dr. Trice, pursuant to the Uniform Reciprocal Enforcement of Support Laws. It is unclear who instituted this proceeding however, it was not Mrs. Trice. By order rendered in this proceeding on March 5, 1980, Dr. Trice was ordered to pay as child support the sum of $500.00 per month. It was stipulated at trial that for a 23 month period beginning March of 1980 and ending in January of 1982, Dr. Trice paid $500.00 per month pursuant to the URESA order. In October, 1981, Mrs. Trice filed a petition in the URESA proceeding, requesting that the payment of $500.00 previously ordered *1267 be increased. No other action was taken in that proceeding, instead, this action was brought in January of 1982. The amount in dispute in this appeal is the difference between the $500.00 monthly sum paid pursuant to the URESA order, and the $800.00 monthly award provided for by the Mississippi judgment for this 23 month period, i.e., $6,900.00.
It is Dr. Trice's position that Mrs. Trice acquiesced in the reduction to $500.00 per month by contacting the defendant's attorney of record when the payments under the URESA judgment were not received on time and by filing the petition for an increase in the URESA proceeding. He asserts that, by reason of these circumstances, Mrs. Trice is equitably or judicially estopped from asserting a claim for the $300.00 difference. We find no merit to this contention.
The remedies provided under URESA are in addition to and not in substitution for any other remedies provided by law. LSA-R.S. 13:1643. This being so, it is axiomatic that a judgment rendered pursuant to the URESA procedure cannot have the effect of modifying or superseding a previous judgment of support rendered in a civil proceeding. Likewise, the acceptance of payments or the request that payments be made under a URESA judgment cannot serve as the basis for an estoppel to claim benefits due under a previous civil judgment of support. Moreau v. Falgout, 304 So.2d 429 (La.App. 1st Cir.1974); Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir. 1970); Goldstein v. Goldstein, 409 So.2d 1245 (La.App. 4th Cir.1982). As stated in Moreau v. Falgout, supra:
"While defendant can claim credit for the amounts paid under URESA, he cannot urge that a judgment rendered pursuant to this latter procedure modifies a previous judgment ..."
In the instant case, the trial judge gave Dr. Trice credit for all sums paid by him under all judgments and correctly determined the arrearage owned by Dr. Trice to be the sum of $10,100.00.
The trial judge awarded $500.00 in attorney's fees. Mrs. Trice asks that this award be increased and that additional fees be awarded in connection with the appeal of this matter. Dr. Trice contends that the trial court abused its discretion and that attorney's fees should not have been assessed against him.
Under present law, when the court renders judgment in an action to make past due child support executory, except for good cause shown, the court shall award attorney's fees and costs to the prevailing party. LSA-R.S. 9:305 (as amended by Act 326 of 1979).
It is Dr. Trice's contention that his action in paying only $500.00 per month was in good faith, and therefore no attorney's fees should have been awarded. Part of the past due child support made executory in this case was the $3,200.00 for the four months where no payments were made. On that basis alone, we do not consider that the trial judge abused his much discretion in awarding attorney's fees.
We find the award of $500.00 in attorney's fees fair and reasonable for the work performed by Mrs. Trice's attorney in the trial court. Additional fees are warranted for the work performed by plaintiff's attorney on appeal. We consider an additional amount of $300.00 to be justified.
The final issue concerns whether the trial judge erred in modifying the previous child support award.
The trial court is vested with much discretion in fixing the amount of child support and such an award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciations. Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir. 1978). Any modification of a judgment for child support must be predicated upon a change in the circumstances of one of the parties. The litigant requesting the adjustment in a prior award has the burden of proving this change in circumstances. Hyams, supra.
*1268 Dr. Trice does not rely on a change in circumstances of his minor children but seeks relief solely on the basis of an alleged change in his own financial situation.
The $800.00 child support award was fixed in the judgment dated October 2, 1979. At that time, Dr. Trice was employed by the Natchitoches Out-Patient Clinic at an annual gross salary of $50,000.00. This is the only evidence in the record concerning the financial situation of Dr. Trice at the time the original award was fixed. Particularly, do we note that the record fails to indicate what, if any, other assets were owned by Dr. Trice in the year 1979. In contrast, the record indicates that Dr. Trice has since formed his own medical corporation and has been self-employed since October of 1979. During the year 1981, Dr. Trice and his present wife, Maureen, received salary payments from the medical corporation totalling $60,600.00. In this connection, we observe that Dr. Trice has sole control over the distribution of the income of the medical corporation. According to Dr. Trice's own testimony at the time of trial, the medical corporation was due over $98,000.00 in accounts receivable. With regard to other assets, the record reflects ownership by Dr. Trice of a home and four automobiles. Although Dr. Trice is shown to be making mortgage payments on these properties, he also has acquired and continues to acquire equity therein.
In support of his assertion that there has been a detrimental change in his financial circumstances since rendition of the initial child support award, Dr. Trice introduced three tax liens filed by the IRS arising as a result of his failure to pay all income taxes due during the period 1978 through 1981. These offerings indicate that a tax lien for $15,132.00 was filed against him personally, a tax lien for $14,378.00 was filed against his medical corporation and a tax lien for $12,753.06 was filed against him and his former wife, Rita Trice, the total of all tax liens amounting to the sum of $46,263.06. In ordering a reduction of child support, the trial judge stated as follows in his oral reasons:
"The child support payments, due to the change in circumstances of Dr. Trice, and in particular we note the twenty-eight thousand dollars in income tax liens together with this judgment which is being made executory here today justifies a reduction in child support payments from eight hundred dollars down to the five hundred dollar amount."
Insofar as the trial judge relied on the judgment rendered in these proceedings, making past due child support executory, in finding a change of circumstances, we find that conclusion to be manifestly in error. A parent cannot have his child support payments reduced simply by failing to make child support payments, suffering a judgment for arrearages to be rendered against such parent, and then asserting a change in circumstances by reason of the indebtedness evidenced by the judgment.
The only other basis given by the trial judge for reducing the child support award was Dr. Trice's indebtedness for accrued income taxes. We do not consider that this circumstance evidences such a detrimental change in Dr. Trice's financial condition as to warrant a reduction in the previously fixed child support award because when the evidence is considered as a whole, it is obvious that Dr. Trice's financial condition, in spite of these tax liens, has improved since 1979. In particular, we observe that Dr. Trice's medical corporation has accounts receivable in a sum far in excess of that needed to liquidate these tax liens.
In sum, we conclude that the record, when considered as a whole, fails to reflect a detrimental change in Dr. Trice's financial condition from that which existed in October of 1979, and, therefore, the trial court was clearly wrong in ordering a reduction in the previously fixed child support award.
For the above and foregoing reasons, the judgment of the trial court insofar as it reduces the monthly child support award is reversed and set aside, and Dr. Trice's reconventional demand for a reduction in child support is dismissed. In all other respects *1269 the judgment appealed from is affirmed except that the attorney's fee awarded to plaintiff, Rita Queen Trice, is increased to the total sum of $800.00. The defendant, Dr. Juniper Olyen Trice, is cast for all costs at the trial level and on appeal.
REVERSED IN PART, AMENDED IN PART AND AFFIRMED IN PART.