552 So.2d 1279 (1989)
Stella Nickelbrough WADE
v.
Walter WADE.
No. 89-CA-292.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
*1280 John M. Crum, Jr., LaPlace, for plaintiff/appellant.
Lloyd J. LeBlanc, Jr., LaPlace, for defendant/appellee.
Before CHEHARDY, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff appeals a judgment of the lower court setting defendant's arrearages for child support at $3,275.00 less credits due for payments made through the Alabama Child Support Enforcement Bureau. Plaintiff seeks an increase in the judgment amount to $9,100.00.
The parties were divorced by consent judgment in St. John Parish on April 8, 1985. That judgment also contained the following provision:
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the defendant be and is hereby ordered to pay alimony to plaintiff in the amount of $300.00 per month for the following twelve months and then the sum of $200.00 per month thereafter as well as child support in the amount of $200.00 per child per month. This support is to be paid biweekly in the amount of $350.00. The first payment is to begin April 4, 1985.[1]
After a motion for reduction filed by defendant was denied on September 8, 1986, the defendant's obligation continued at $600.00 per month for alimony and child support in accordance with the previous judgment.
Subsequently defendant moved to Alabama. Pursuant to proceedings under the Uniform Reciprocal Enforcement of Support Act (URESA), defendant was ordered by the Alabama court to pay $200.00 per month child support in globo for his two minor children beginning April 1, 1987. On November 1, 1987 defendant obtained a modification order reducing his monthly obligation to $125.00; said reduction reflecting the fact that one of the children, Phillip, had moved to Alabama to live with defendant. On October 22, 1987 plaintiff filed a rule for contempt and executory arrearages in Louisiana in the amount of $2,675.00 for past due alimony and child support. Various continuances were granted and the rule was not heard until January 4, 1989.[2]
At that hearing, plaintiff testified that defendant was $2675.00 in arrears as of October, 1987. She further testified that defendant ceased paying alimony in March, 1988 and has been paying only $125.00 per *1281 month in child support.[3] Plaintiff testified that her son, Phillip, had gone to live with his father for a short time but returned to Louisiana to live over a year prior to the hearing. At the time of the hearing Phillip and the other minor child, Loretta, were living with plaintiff.
After hearing the evidence and testimony offered, the trial court rendered a judgment finding the defendant in arrears for child support[4] "to and through December 31, 1988" in the amount of $3,275.00. However, the judgment also provides "Defense counsel or the Defendant should furnish this Court with a record of payments made through the Alabama Child Support Enforcement Bureau, since this sum should be deducted from Defendant's arrearage." Consequently, the precise amount due on the judgment is undetermined.
Plaintiff appeals, arguing the trial court should have found the defendant in arrears in the amount of $9,100.00 for past due alimony and child support. Plaintiff argues the Alabama URESA judgment did not alter the amount due by defendant pursuant to the Louisiana support order and, therefore, the trial court should have set the amount due plaintiff at $9,100.00.
Plaintiff is correct in her assertion that a foreign URESA judgment cannot modify a valid judgment setting alimony and child support rendered in a civil proceeding such as a divorce decree. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir. 1983); Moreau v. Falgout, 304 So.2d 429 (La.App. 1st Cir.1974). The purpose of URESA is to provide remedies in addition to, not in substitution for, other remedies. LSA-R.S. 13:1643; Madden v. Davis, 422 So.2d 542 (La.App. 5th Cir.1982). Since Alabama is the responding state, its order did not supercede the existing judgment of the 40th judicial district, St. John the Baptist Parish. LSA-R.S. 13:1641 et seq. The trial court is correct in its finding that the defendant is entitled to credit for amounts paid pursuant to the Alabama URESA order, but is still in arrears for the difference between that amount and the amount due on the Louisiana order, since no modification by the Alabama court supersedes the Louisiana judgment. Moreau v. Falgout, supra; Madden v. Davis, supra.
As previously stated, the Louisiana judgment sets alimony at $200 per month and child support at $400 per month for a total of $600.00 per month from April 5, 1986 to December 31, 1988. According to evidence adduced at the hearing, defendant was in arrears $2,675.00 as of October 31, 1987. He owed an additional $8,400 in alimony and child support through December 31, 1988,[5] for a total of $11,075.00. Credit is to be given defendant for all amounts paid to plaintiff directly and indirectly via the Alabama URESA order. Because the record provides an incomplete statement of credits due defendant we are unable to determine the amount due plaintiff and remand this matter for a determination of the correct amount owing. In all other respects the judgment of the trial court is affirmed.
AFFIRMED, BUT REMANDED FOR THE LIMITED PURPOSE OF DETERMINING THE TOTAL AMOUNT OF CREDIT DUE DEFENDANT AND THUS CORRECTING THE TOTAL AMOUNT DUE ON THE JUDGMENT.
NOTES
[1] Although not specified in any of the pleadings contained in the record, it appears from testimony that child support consisted of $200 for each of two of the parties' four children who were still minors at the time of the judgment.
[2] Plaintiff states that a hearing was held in January, 1988 and the matter was taken under advisement, but the record does not so indicate.
[3] However, checks introduced into evidence by plaintiff also indicates the defendant paid $100.00 per month in alimony for several months in question.
[4] No mention is made of arrearages due for alimony as moved for by plaintiff.
[5] $600.00 per month for 14 months; November, 1987 through December 31, 1988.