BOWES, Judge.
Defendant, Robert Bolton, filed several petitions in reconvention and exceptions in which he sought to disavow paternity of the minor child born during defendant’s marriage to plaintiff, Susan Strohmeyer Bolton, and for whom defendant is currently ordered to pay child support. After trial on the merits, the court ruled in favor of plaintiff and defendant in reconvention, Susan Bolton, and against defendant and defendant appeals. We affirm.
FACTS
The plaintiff, Susan Strohmeyer, and defendant, Robert Bolton, were married on July 8, 1978. During this marriage, one son was born on July 2, 1980. Plaintiff obtained a judicial separation on April 10, 1981 and on January 26, 1982 plaintiff was granted a divorce “a vinculo matrimonii.” Plaintiff mother was granted permanent custody of the minor child and defendant was ordered to pay $175.00 per month as child support.
On May 13, 1982, plaintiff filed a rule for contempt to make past due support execu-tory and for increase in child support. By consent judgment signed on August 24, 1983, defendant’s child support obligation was increased to $275.00 per month.
In September and October of 1990, an action under URESA (Uniform Reciprocal Enforcement of Support Act) was initiated in Nebraska, alleging that defendant had failed to pay child support as ordered by the judgment of August 24, 1983. Defendant objected, alleging that he was not the father of the minor child and the Nebraska court stayed the proceeding pending Mrs. Bolton’s submission to blood tests. Mrs. Bolton apparently abandoned the URESA action. The Nebraska court then adjudicated the paternity issue in favor of defendant and against Mrs. Bolton, declaring that defendant was not the father of the minor. This judgment was rendered with plaintiff absent on May 15, 1992.
Mrs. Bolton filed, in the 24th Judicial District Court, rules for contempt to make past due support executory and for increase in child support on June 25, 1991, September 9, 1991 and November 26, 1991. On January 31, 1992, the trial court here rendered judgment in favor of Mrs. Bolton, finding defendant to be in arrearages of $2,455.00 and raising child support to $630.00 per month. To effectuate this judgment the trial court issued an income assignment order on March 13, 1992. It appears that the income assignment order was not placed in effect and on March 30, 1992 Mrs. Bolton filed another rule for contempt and to make past due support executory.
*632 On June 24, 1992, Mr. Bolton filed a combined petition to recognize and enforce a foreign judgment; application for injunc-tive relief; exceptions of no cause of action and res judicata; petition to disavow paternity and petition for damages. In this combined action, Mr. Bolton requests that the court give full faith and credit to the Nebraska judgment, supra, which disavowed paternity and to relieve him of his obligation of child support.
On September 8, 1993 the trial court, in this matter, rendered judgment dismissing defendant’s petitions, overruling his exceptions of no cause of action and denying his application for injunctive relief. The trial court also ordered the wage assignment previously ordered is continued in full force and effect. Defendant has appealed from this judgment.
ANALYSIS
In this case, plaintiff-appellee has a valid judgment ordering defendant to pay support for the minor child. The child was born during plaintiffs marriage to defendant and defendant is presumed to be the father. LSA-C.C. art. 184. Defendant could have filed suit to disavow paternity. LSA-C.C. art. 187. However, he was required to do so within one hundred eighty days after he learned, or should have learned, of the child’s birth. LSA-C.C. art. 189.[1] Defendant failed to timely file such an action nor has he alleged that he was disabled from doing so and he is now forever precluded from filing such a suit in this state. Pounds v. Schori, 377 So.2d 1195 (La.1979).
Nevertheless, Robert Strohmeyer contends that the Nebraska judgment, in which the trial judge found that he was not the biological father, should be applied to this Louisiana proceeding so as to relieve him of his court-ordered child support obligation. We find no merit to this contention.
The proceeding in Nebraska was instituted under the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). The purpose of URESA is to improve and extend by reciprocal legislation the enforcement of duties of support. LSA-R.S. 13:1641, thereby preventing an obligor from avoiding his parental duty of support simply by living in a different state than his children. City and County of San Francisco v. Juergens, 425 So.2d 992 (La.App. 5 Cir.1983).
The remedies provided under URE-SA are in addition to, and not in substitution for, any other remedies provided by law. LSA-R.S. 13:1643; Wade v. Wade, 552 So.2d 1279 (La.App. 5 Cir.1989). Thus, a foreign URESA judgment cannot modify a valid judgment setting alimony and child support rendered in a civil proceeding in the home state. Wade v. Wade, supra; Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983).
In this case, defendant was ordered to pay child support by a judgment of the 24th Judicial District Court here signed on August 24, 1993. Plaintiff, Susan Bolton, now attempts to collect this court ordered support by a rule in this same district court, having abandoned the URESA proceedings in Nebraska. As the district judge correctly stated in denying relief to the defendant, no URESA proceeding is currently pending in this state and, thus, the provisions of URESA regarding paternity, which are specific to those statutes, are inapplicable to the present proceeding.
Accordingly, we hold that the Nebraska judgment rendered under the provisions of *633 URESA cannot be used to modify the valid Louisiana judgment previously rendered in this case.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Robert Strohmeyer.
AFFIRMED.

. LSA-C.C. art. 189 provides:
A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not, able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.
[Emphasis added].
The time limitation imposed by LSA-C.C. art. 189 is preemptive, Farrell v. Farrell, 555 So.2d 39 (La.App. 1 Cir.1989) and therefore may not be rendered, interrupted or suspended. LSA-C.C. art. 3461.