h SULLIVAN, Judge.
The State of Louisiana, on behalf of Eneth Rivera, appeals a judgment that dismissed as res judicata the second of two petitions filed under the Uniform Reciprocal Enforcement Support Act (URESA), which act the legislature repealed and reenacted as the Uniform Interstate Family Support Act (UIFSA), effective January 1,1996. For the following reasons, we reverse and remand.
Facts
On August 19, 1982, Eneth Rivera and Nelson R. Robles, Jr. were married in Bel Air, Maryland. They separated in October of either 1982 or 1983, depending upon which of these two dates in the record is correct. Their union produced one child, Karla Alexandra Robles, born on June 15, 1983. After their separation, Eneth ^eventually moved with the child to Seminole County, Florida, and Nelson moved to Leesville, in Vernon Parish, Louisiana.
In November of 1990, the State of Florida, on behalf of Eneth, began URESA proceedings in Vernon Parish, asking the Louisiana court to set Nelson’s child support obligation at a “fair and equitable” amount and to order him to provide medical insurance for the child. These pleadings indicated that Eneth and Nelson had not yet divorced. At the time this action was filed, the Louisiana URESA provisions were found at La.R.S. 13:1641-98.
After Nelson unsuccessfully challenged paternity, he and the State of Louisiana stipulated to child support payments of $75 per month. This stipulation was reduced to a judgment signed on May 20,1993. However, on May 16, 1994, the district court granted the State of Florida’s request to terminate this proceeding. When the district court signed these judgments, URESA had been reenacted, but not amended, as La.Ch.Code arts. 1301.1-1308.2.
On March 15,1995, the State of Florida, on behalf of Eneth, filed a petition to register and enforce in Louisiana a judgment of the Seminole County circuit court. On motion the Vernon Parish assistant district attorney, the court transferred this petition to Beauregard Parish, where Nelson allegedly had moved.
The Florida judgment, dated May 3, 1994, was rendered in domestic relations case number 93-2184, “In Re: Marriage of En-eth Vianeth Rivera and Nelson Ramon Robles, Jr.” in Seminole County. The judgment dissolved the parties’ marriage, set child support at $438 per month, imposed a “retroactive child support” award of $34,875 *1109 (representing the sum that Eneth expended on raising Karla since her birth), and ordered the payment of over $10,000 in attorney fees. The judgment also indicated that Nelson filed an answer in the Florida proceedings and then objected to the | .jurisdiction of that court. The Florida court construed the answer as a general appearance and proceeded with the hearing after sending notice to Nelson at his last known address.
On August 22, 1996, Nelson filed a peremptory exception of res judicata in the Beauregard Parish action, contending that the judgment rendered in Vernon Parish barred further litigation of child support. By this time, the legislature had repealed URESA and enacted UIFSA, effective January 1, 1996. On January 2, 1997, the district court of Beauregard Parish signed a judgment granting Nelson’s exception of res judicata and reinstating the Vernon Parish judgment that had set child support at $75 per month. The State of Louisiana has appealed.
Opinion
The remedies provided by URESA included the right to file an action to enforce an alleged duty of support or to register a support order. Former La.Ch.Code art. 1304(10). These remedies have been retained in UIFSA. See La.Ch.Code art. 1303.1(B). Former La.Ch.Code art. 1305, under URESA, provided: “The remedies herein provided are in addition to and not in substitution for any other remedies.” UIF-SA also contains a similar provision. La.Ch. Code art. 1301.5 now states: “The remedies provided by this Chapter are cumulative and do not affect the availability of remedies under other laws.”
Jurisprudence has consistently cited the supplemental nature of the URESA remedies in holding that a judgment in a URE-SA proceeding does not modify a previously rendered civil judgment, even where the URESA judgment sets a different amount of support. For example, in Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983), the defendant argued that his former wife was barred from collecting arrearages under a 1979 Mississippi divorce judgment that set child support at $800 per month, 14when a 1980 Louisiana URESA judgment set child support at $500 per month. The Louisiana court rejected the defendant’s argument, stating:
The remedies provided under URESA are in addition to and not in substitution for any other remedies provided by law. LSA-R.S. 13:1643 [Former La.Ch.Code art. 1305], This being so, it is axiomatic that a judgment rendered pursuant to the URESA procedure cannot have the effect of modifying or superseding a previous judgment of support rendered in a civil proceeding. Likewise, the acceptance of payments or the request that payments be made under a URESA judgment cannot serve as the basis for an estoppel to claim benefits due under a previous civil judgment of support.
Id. at 1267 (citations omitted).
In Stewart v. Carter, 93-830 (La.App. 3 Cir. 3/2/94), 634 So.2d 1226, this court relied upon Trice to hold that a prior URESA judgment of child support in New York did not preclude a Louisiana court from setting an award of child support in the couple’s civil divorce action. We-specifically rejected the husband’s claim that the URESA judgment was res judicata on the issue of child support in the divorce proceedings. Noting that in the URESA action the wife assigned her right to payment to a state agency and that she had no choice but to proceed under URESA when the husband objected to the jurisdiction of the Louisiana court, we stated:
Under these facts, we cannot see how Carter [the husband] differentiates the rulings in Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983), and like cases, simply because the URESA order [in those cases] was dated after the trial court had entered a child support order incidental to either a legal separation or divorce. It was simply because of an inability to acquire personal jurisdiction over Carter that the URESA proceedings were begun. These facts can not now be twisted by Carter to his advantage. Furthermore, if Carter’s logic were applied in the cases which he tries to distinguish, it would have been equally true that the earlier acquired child support orders would have been res judicata to the *1110 URESA order. Such an anomaly would short circuit the purpose of URESA.
Id. at pp. 6-7, 634 So.2d at 1230.
IsWe find the facts in Stewart are substantially similar to those of the instant case. As the wife in Stewart, Eneth obtained a URE-SA judgment of child support in the state where the husband lived before adjudicating the issue of child support in divorce proceedings in the state where she and the child lived. In the URESA action, she, too, assigned her right to payment to a state agency. Further, there is some question as to whether Florida would have had jurisdiction over Nelson to enforce his obligation to support his child before the divorce. The record suggests that the child was conceived elsewhere and that the parties never lived together in Florida, and the Florida court’s exercise of personal jurisdiction in the divorce proceedings was based upon Nelson’s general appearance in that litigation. Under the rationale of Stewart, Nelson could not have raised res judicata in the Florida civil proceedings. To permit him to do so in the URESA action to enforce the Florida judgment would equally “short circuit the purpose of URESA.” Id.
URESA apparently contemplated such a sequence of events. Former La.Ch.Code art. 1332 provided that a responding court “shall not stay the proceeding or refuse a hearing under this Chapter because of any pending or prior action or proceeding for divorce, separation, annulment....” Former Article 1333 provided that a support order of this state “does not nullify and is not nullified by a support order ... made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless specifically provided by the court.” (Emphasis added.) For the obli-gor faced with two support orders, Article 1333 provided the following remedy: “Amounts paid for a particular period pursuant to any support order made by a court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by a court of this state.” These provisions were in effect in Louisiana and in Florida when the Statejfiof Florida initiated both URESA petitions in Louisiana and when the Florida court rendered its judgment of divorce and support in the civil action.
URESA’s enforcement scheme is analogous to Louisiana’s long standing separation of civil and juvenile jurisdictions in child support matters. While the civil jurisdiction adjudicates “the rights of the two parties visa-vis one another” the juvenile jurisdiction “adjudicates the interest of the state as it protects the rights of a parent and child.” Chaisson v. Chaisson, 96-1525, p. 4 (La.App. 3 Cir. 4/17/96), 673 So.2d 1142, 1144.
For these reasons, we find that the prior URESA judgment is not res judicata to the present action to register and enforce the civil judgment of the Florida court. This opinion addresses only the issue of res judi-cata and does not concern the merits of whether the judgment can be registered and enforced as rendered in Louisiana.
For the above reasons, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion. Costs of this appeal are assessed to appellee, Nelson R. Robles, Jr.
REVERSED AND REMANDED.