OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Sandra L. (Fry) EAGLE

98-532 983 S.W.2d 429

Supreme Court of Arkansas
Opinion delivered January 14, 1999

*Grider Law Firm, P.L.C.,* by: *Murrey L. Grider,* for appellant.

*David J. Throesch,* for appellee.

W H. "Dub" Arnold, Chief Justice. On December 10, 1987, an Arkansas Divorce Decree was entered between Jolly Ray Fry and the appellee, Sandra Lynn (Fry) Eagle. That decree awarded custody to Jolly Ray Fry and set child support in the amount of $40.00 per week.

On July 26, 1990, an order was entered by the Court of Common Pleas, Juvenile Division of Summit County, Ohio, through the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), whereby that court found that the appellee, Sandra L. Cain (Fry), was $1,353.00 in arrears and further ordered that she pay $175.00 per month as support. On July 8, 1993, the same court found appellee unable to work and ordered that her child-support payments be held in abeyance.

On August 19, 1997, the appellant (Office of Child Support Enforcement) filed a Motion to Intervene and Motion for Citation in the Lawrence County, Arkansas, Chancery Court, seeking to obtain a judgment of arrears against Sandra L. (Fry) Eagle, based upon the divorce decree entered on December 10, 1987, in Lawrence County, for unpaid child-support arrearage back to the date of the Summit County, Ohio, Order of July 26, 1990.

By order entered on January 29, 1998, the Chancery Court of Lawrence County, Arkansas, determined that the July 8, 1993, order of the Summit County, Ohio, Court of Common Pleas holding the appellee's child support in abeyance should be given full faith and credit and awarded a judgment for arrears in the amount of $1,427.00 as of November 30, 1997, rather than $11,475.63, which would have been the amount of child-support arrears if the court had not given full faith and credit to the Ohio order. It is from this ruling of the Lawrence County Chancery Court, granting full faith and credit to the July 8, 1993, order of

the Summit County, Ohio, Court of Common Pleas that this appeal is taken.

Appellant asserts as its only point on appeal that the trial court erred in giving full faith and credit to the Summit County, Ohio, Common Pleas Court, thus reducing the amount of arrears owed by the appellee accordingly.

We review chancery cases de novo on the record, but do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Clifford Family Ltd. Liability Co. v. Cox*, 334 Ark. 64, 971 S.W.2d 769 (1998); *Barber v. Watson*, 330 Ark. 250, 253, 953 S.W.2d 579 (1997); *Holaday v. Fraker*, 323 Ark. 522, 920 S.W.2d 4 (1996).

The recent case of *Jefferson County Child Supp. Enforcement v. Hollands*, 327 Ark. 456, 939 S.W.2d 302 (1997), is controlling on the issue at bar. In that case, this Court held:

> We agree with the courts of other jurisdictions that the "responding court" in a RURESA action, such as the Jefferson Chancery Court in this case, "may enter its own support order prospectively raising or lowering the amount of the support obligation, if the circumstances before it warrant such a change." *White-Nathan v. Nathan*, 888 P.2d 237, 240 (Ariz. App. Div. 1 1994). However, "a variation between the support amount provided in the RURESA order and that in the underlying support order does not in itself alter or modify the underlying support order." *Id.* If the RURESA order of the "responding court" does not specifically provide that it is modifying or nullifying the underlying support order, "the RURESA support order does not nullify or supersede the original support order, and arrearages will continue to accumulate under that order." *Id.* at 241. See also *Kranz v. Kranz*, 525 N.W.2d 777, 781 (Wis. App. 1994) (stating that it "is sensible to require a responding court to enforce only the level of support it determines is reasonable under its laws," but maintaining that the responding court's "determination does not affect the enforceability of the support ordered in the initiating court's prior judgment"); *Wade v. Wade*, 552 So.2d 1279, 1281 (La.App. 5 Cir. 1989) ("The trial court is correct in its finding that the defendant is entitled to credit for amounts paid pursuant to the

Alabama URESA order, but is still in arrears for the difference between that amount and the amount due on the Louisiana order, since no modification by the Alabama court supersedes the Louisiana judgment."). See Annotation, 31 A.L.R. 4th 347 (1984).

*Jefferson County Child Supp. Enforcement v. Hollands*, 327 Ark. at 464.

 In the instant case, which was a RURESA action[1], the support amount was modified. However, the order of the "responding court" (here, the Summit County, Ohio, Court of Common Pleas) did not specifically provide that it was modifying or nullifying the underlying support order, as would have been required under the *Jefferson County* case; therefore, in accordance with *Jefferson County*, the RURESA support order does not nullify or supersede the original support order, and arrearages will continue to accumulate under that order. Further, it then follows that the trial court did commit error by determining that the Summit County, Ohio, court's order should be given full faith and credit. Therefore, the decision of the trial court is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.

---

[1] It should be noted that while Arkansas adopted the Uniform Interstate Family Support Act (UIFSA) in March of 1993, Ohio did not adopt UIFSA until 1998. Therefore, the case remained a RURESA action. The analysis of the case, however, would have been different if UIFSA had applied.