587 So.2d 766 (1991)
STATE OF OHIO and Carolyn Cynthia Kline, Plaintiff-Appellant,
v.
Douglas KLINE, Defendant-Appellee.
No. 22710-CA.
Court of Appeal of Louisiana, Second Circuit.
September 30, 1991.
*767 Douglas R. Haynes, II, Asst. Dist. Atty., Monroe, for appellant.
Albert W. Block, Jr., West Monroe, for appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
LINDSAY, Judge.
The state appeals from a trial court judgment vacating the registration of an Ohio judgment for child support arrearages.

FACTS
Carolyn Cynthia Kline and Douglas Kline were divorced in Ohio in September of 1981. At that time Mrs. Kline was awarded custody of their two children, Jefferson Douglas (DOB: 12/3/68) and Jennifer (DOB: 4/28/71). She was also awarded child support of $200 per month per child. In December of 1981, Mr. Kline sought a reduction in child support. His request was granted, and his support obligation was reduced to the sum of $130 per month per child.
Mr. Kline later moved to Louisiana. On February 23, 1983, pursuant to a URESA proceeding, the defendant and the Ouachita Parish District Attorney entered into a stipulation and consent judgment by the terms of which the defendant agreed to pay $132.60 per month in child support for Jennifer. (The record indicates that Jefferson lived with his father from about January 1983, until June, 1984.) In July of 1983, another stipulation and consent judgment were entered into by Mr. Kline and the Ouachita Parish District Attorney, which *768 added provisions concerning arrearages. A petition for contempt was filed on May 22, 1984, but it was subsequently dismissed by the state in June, 1984.
On June 20, 1988, a URESA petition was filed in Louisiana. On September 12, 1988, Mr. Kline and the district attorney's office of Ouachita Parish again entered into a stipulation by which he agreed to pay $130 per month for support of Jennifer, beginning September 15, 1988. He also agreed to an income assignment under LSA-R.S. 46:236.1, et seq. An order of support was signed on September 12, 1988. The state dismissed the URESA petition.
On March 27, 1990, a petition to register a foreign order of support for arrearages was filed in Ouachita Parish, Louisiana in the Fourth Judicial District Court sitting as an ex-officio juvenile court. The state requested that Mr. Kline be ordered to pay arrearages of $7,431.77 as a lump sum judgment under R.S. 46:236.3. Attached to the petition was a copy of an Ohio judgment. That document stated that a hearing (of which the defendant had notice) had been held on December 28, 1989, before a referee. The referee's findings stated that the children were both emancipated. In setting arrearages at the sum of $7,431.77, the referee gave consideration and credit to Mr. Kline for the time period that Jefferson lived with him and for the retroactive emancipation of the children. The report and recommendations of the referee were adopted by the Ohio court as a permanent order in January, 1990.
The Louisiana court signed an order recognizing the Ohio judgment in compliance with R.S. 13:1691, et seq. (Subpart D of URESA, Registration of Foreign Support Orders). It ordered that Mr. Kline pay the Ohio arrearages as a lump sum judgment through the Louisiana DHHR pursuant to R.S. 46:236.3, et seq. (which pertains to enforcement of support by income assignment). Mr. Kline was given 20 days to request that the registration be vacated. If he did not so petition, the registered Ohio support order would be confirmed.
On April 19, 1990, Mr. Kline filed a petition to vacate the foreign order of support. He asserted that on September 12, 1988, the URESA petition in Louisiana had been dismissed by the district attorney on a finding of no arrearages being due. He sought to stay service under R.S. 46:236.3. He further asserted that the Ohio documents filed in the Louisiana court failed to comply with R.S. 46:236.4(D)(2) because various documents required by the statute were not included. Mr. Kline also requested attorney fees and costs under R.S. 46:236.3(D).
A hearing was held on May 21, 1990. Initially, the trial court stated that the Ohio judgment could only be attacked on jurisdictional grounds. However, after being shown the consent judgment rendered in the Louisiana court, the trial court held that Ohio could not render a judgment fixing arrearages based upon a Louisiana judgment. The trial court then informed the district attorney that he could file proceedings to assess arrearages under the Louisiana judgment. Also, counsel for Mr. Kline asserted that the documentation for an income assignment order was deficient. In response, the district attorney denied that he was seeking an income assignment at that time and stated that when one was sought the proper documents would be filed. The court dismissed and vacated the registration of the foreign judgment. The trial court declined to award attorney fees in favor of Mr. Kline.
The state appeals from the trial court's action in vacating the registration of the foreign judgment.

DISCUSSION
The state's petition to register the Ohio judgment referred to both LSA-R.S. 13:1692 et seq., and LSA-R.S. 46:236.1 et seq. However, an examination of the record demonstrates that the state was actually proceeding under R.S. 13:1691, et seq., to register the foreign support order. This subpart of URESA is an additional remedy made available to the obligee when the obligor's duty of support is based on a foreign support order.
*769 The provisions relevant to our consideration of this case are as follows:
R.S. 13:1695. Registration procedures; notice
A. An obligee seeking to register a foreign support order in a court of this state shall transmit to the clerk of the court (1) three certified copies of the order with all modifications thereof, (2) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (3) a statement verified and signed by the obligee, showing the post office address of the obligee, the last known place of residence and post office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents, the clerk of the court, without payment of a filing fee or other costs to the obligee, shall file them in the Registry of Foreign Support Orders. The filing constitutes registration under this Part.
B. Promptly upon registration the clerk of court shall send by certified or registered mail to the obligor, at the address given, a notice of the registration with a copy of the registered support order to the post office address of the obligee. He shall also docket the case and notify the prosecuting attorney of his action. The prosecuting attorney shall proceed diligently to enforce the order.
R.S. 13:1696. Effect of registration; enforcement procedure.
A. Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner. Arrearages under a registered foreign support order shall not be modified for any period unless there is a pending petition for modification. Any such modification shall be retroactive only to the date that notice of the petition was provided, either directly or indirectly, from the appropriate agent to the obligee, if the obligor is the petitioner, or to the obligor, if the obligee is the petitioner.
B. The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed.

C. At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state. [Emphasis ours.]
As previously noted, the trial court dismissed and vacated the registration of the foreign judgment based upon Mr. Kline's asserted defense that the Louisiana URESA support orders superceded the Ohio support orders. The state contends that the only defense Mr. Kline could raise at this point was lack of jurisdiction of the Ohio court.
Procedurally, there is some confusion as to when and what type of defenses may be raised to oppose the registration of a foreign support order and the timing and nature of the defenses which may be raised to oppose the enforcement of such an order.
Other states which have adopted URESA have construed provisions identical or similar *770 to R.S. 13:1696. In Pinner v. Pinner, 33 N.C.App. 204, 234 S.E.2d 633 (1977), the court concluded that these provisions establish a two-step procedure: (1) the registration of the order, and if required, a hearing on whether to vacate the registration or grant the obligor other relief; and (2) enforcement of the order.[1]Pinner and its progeny, Fleming v. Fleming, 49 N.C.App. 345, 271 S.E.2d 584 (1980), have been cited favorably in several other jurisdictions.[2] See Wilson v. Ransom, 233 Neb. 427, 446 N.W.2d 6 (1989); Davanis v. Davanis, 132 Wis.2d 318, 392 N.W.2d 108 (1986); Lagerwey v. Lagerwey, 681 P.2d 309 (Alaska 1984).
We find that although an obligor may assert any of the defenses allowed under 13:1696(C) at a hearing to vacate the registration, he is not required to do so. These substantive defenses are more properly raised at a subsequent hearing to enforce the judgment.[3] However, the obligor must raise any procedural deficiencies, such as, but not limited to, insufficient documentation under 13:1695, at the hearing on the motion to vacate the registration.
The substantive defenses available in an action to enforce a foreign judgment are those enumerated in Restatement (Second) of Conflicts of Law §§ 103-121. They include a lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable. However, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought. See Matson v. Matson, 333 N.W.2d 862 (Minn.1983). See also State v. Fontenot, 587 So.2d 771 (La.App.2d Cir.1991), also rendered this date.
In the present case, the court refused to recognize the Ohio judgment for arrearages because it did not believe the Ohio court could render judgment on a Louisiana decree. However, the Ohio judgment of arrearages, rendered in January, 1990, is clearly premised on the Ohio child support order of December, 1981. The 1990 Ohio judgment of arrearages is entitled to full faith and credit. Inasmuch as URESA remedies are in addition to, and not in substitution for, any other remedies, the Louisiana URESA orders did not supercede the Ohio judgment of support. LSA-R.S. 13:1643; Madden v. Davis, 422 So.2d 542 (La.App. 5th Cir.1982); Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983); Wade v. Wade, 552 So.2d 1279 (La.App. 5th Cir.1989).
The trial court's action in vacating the registration of the Ohio judgment did not have a valid basis. The dismissal was not based upon a defense available in an action to enforce a foreign judgment. Consequently, we vacate the trial court judgment of dismissal.
However, we observe that the documentation supplied by the state with its petition to register may be deficient. Based upon the record before us, we are unable to ascertain whether the copy of the *771 Ohio judgment attached to the petition for registration complies with LSA-C.E. Art. 902(1). On remand, the trial court is directed to make a determination as to that document's proper certification under LSA-C.E. Art. 901(1) or (2) and Art. 904. Should the trial court rule that the document is not properly certified, the state is given leave to obtain and file a properly certified copy of that document. Regardless of the trial court's ruling, the state is further given leave to supplement the petition for registration with the additional documentation required by R.S. 13:1695(A), documentation which does not appear of record, i.e., a copy of the Ohio URESA statute and the verified and signed statement of the obligee.
Thereafter, the defendant will be given 20 days from the date of the mailing of notice of the supplemental filing of these documents within which to respond. Mr. Kline will be given ample opportunity to assert any of the available defenses which he believes may apply to the present situation.

CONCLUSION
The trial court's judgment of dismissal is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.
JUDGMENT OF DISMISSAL VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] At least one court has expressed the view that the statutes contemplate only one hearingto be held prior to confirmation of the support order. See In Re Marriage of Aron, 224 Cal. App.3d 1086, 274 Cal.Rptr. 357 (1990). See also Monson v. Monson, 85 Wis.2d 794, 271 N.W.2d 137 (1978), wherein the court stated that "... subsection (c) would be clearer if it referred to the hearing on the obligor's petition to vacate rather than the hearing to enforce the registered support order...."
[2] Like the present case, Fleming, supra, involved registration of, among other decrees, a judgment of arrearages.
[3] In O'Halloran v. O'Halloran, 580 S.W.2d 870 (Tex Civ.App.1979), the court held that the only defenses that could be raised in a registration proceeding (as in a full faith and credit inquiry) were those which were related to the validity of the original decree, such as a lack of jurisdiction or the existence of procedural defects which rendered the judgment void. Defenses such as a claim that the judgment was erroneous or that, according to the law of the forum, the judgment would not have been rendered in the first instance, were not permitted at any point. However, we note that this case was construing the provisions of an earlier version of URESA, which did not contain the language concerning a hearing for enforcement. (This language was included in the 1968 revised version of URESA.)