CIACCIO, Judge.
The State of Louisiana appeals from an adverse trial court judgment in an action brought pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), R.S. 13:1641 et seq.
Frank Clancy Dupepe, Sr. and Susan Fautt Dupepe were married and later divorced. On July 24, 1983, the Civil District Court for the Parish of Orleans rendered a judgment, ordering Mr. Dupepe to pay Mrs. Dupepe child support in the amount of $1000.00 per month for their two minor children. Mrs. Dupepe later moved to New Mexico. In 1986, she filed a petition in New Mexico State Court which sought a modification of the Louisiana child support order. Shortly thereafter, the New Mexico state court rendered a judgment modifying the Louisiana child support judgment and ordered Mr. Dupepe to pay child support in the amount of twenty' percent of his net take home pay or $1500.00 per month, whichever was greater.
In 1991, Mrs. Dupepe sought to collect $16,010.00, the amount due in arrears, by filing a URESA action. On October 16,1991, pursuant to URESA, the State of New Mexico filed a petition to register the foreign support order for arrearages in Orleans Parish Juvenile Court. The State of Louisiana gave Mr. Dupepe written notice that the petition had been filed and informed him that he had twenty days to petition the court to vacate or stay the registration of the foreign support order. Mr. Dupepe failed to take any action within the twenty days. He subsequently filed an untimely answer and re-conventional demand on April 28, 1992.
*21 Mr. Dupepe alleged in his reconventional demand that he was entitled to a set-off of $38,712.88, this amount representing the monies he had expended for the care of the children while they were in his custody. He further alleged that Mrs. Dupepe had verbally agreed to the expenditures of these monies by him in lieu of payments to her. Mr. Dupepe also alleged that due to changes in circumstances, e.g., his income significantly decreased, Mrs. Dupepe’s income increased and the children were now residing with him in Louisiana, a modification of the New Mexico support order was warranted. He specifically requested in his reconventional demand that the Orleans Parish Juvenile Court order Mi’s. Dupepe to pay child support and reduce the amount of support that he owed to $250.00 per month for each child for the time the children resided with Mrs. Dupepe.
On March 13, 1993, the trial court heard the state’s rule for contempt and Mr. Du-pepe’s answer and reconventional demand. At the hearing, over the objections of the State, the trial judge entered judgment in favor of Mr. Dupepe on his reconventional demand awarding him a credit of $10,103.95 for expenses he incurred while the children resided with him and then reduced Mrs. Du-pepe’s judgment by that amount thereby reducing it to $5,936.05. In connection with this award to Mr. Dupepe the trial court stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the State’s objection to any credits against this amount is overrulled (sic) and therefore the following credits are granted to the respondent against the above stated amount pursuant to a natural obligation due the respondent by the petitioner for the period of time which the respondent had the children residing with him and there was no order to pay support against the petitioner: - Total Credit $10,-103.95
The State filed an appeal from this judgment and also sought supervisory writs to this court. On May 27, 1993, we granted certiorari and dismissed Mr. Dupepe’s reeon-ventional demand, holding that pursuant to R.S. 13:1693(C), there was no basis for the exercise of personal jurisdiction over Mrs. Dupepe, a New Mexico resident, in Orleans Parish Juvenile Court in response to a URE-SA action which had originated in New Mexico. Mr. Dupepe applied for writs to the Supreme Court seeking to overturn the ruling of this court. His writ application was denied by the Supreme Court on October 8, 1993 at which time, the judgment of this Court dismissing Mr. Dupepe’s reconventional demand became final. The State continued to prosecute its appeal in this Court seeking a reversal of the entire judgment.
R.S. 13:1696 specifically provides:
Effect of registration; enforcement procedure.
A. Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner. Arrearages under a registered foreign support order shall not be modified for any period unless there is a pending petition for modification. Any such modification shall be retroactive only to the date that notice of the petition was provided, either directly or indirectly, from the appropriate agent to the obligee, if the obligor is the petitioner, or to the obligor, if the obligee is the petitioner.
B. The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed.
C. At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon *22 satisfactory proof that the obligor has furnished security for
payment of the support ordered as
required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state. [Emphasis ours.]
As noted previously, pursuant to URESA, the State of New Mexico, acting on behalf of Mrs. Dupepe, registered the foreign support order from the New Mexico court in Orleans Parish Juvenile Court. Under R.S. 13:1696(B), Mr. Dupepe had twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief due to procedural deficiencies. The record indicates that he did not act within the twenty days. The registered support order was therefore confirmed.
R.S. 13:1696(0) provides that at the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. These substantive defenses include: lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in procurement of the judgment, satisfaction, lack of due process, or other grounds that make the judgment invalid or unenforceable. State of Ohio v. Kline, 587 So.2d 766 (La.App. 2d Cir.1991). However, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought. State of Ohio v. Kline, id.; State v. Fontenot, 587 So.2d 771 (La.App. 2d Cir. 1991).
At the hearing to enforce the foreign support order, Mr. Dupepe failed to raise any of the ' aforementioned substantive defenses. He testified that he and Mrs. Dupepe had a verbal agreement that allowed him to set-off the amounts he expended for the children for tuition, books, airfare, tutors, clothing and insurance during the period they resided with him against the amount of arrears owed under the New Mexico child support order. The state objected to the testimony and introduced an affidavit by Susan Dupepe which stated that there was never such an agreement. The Juvenile Court judge, based on the evidence introduced at the hearing, granted Mr. Dupepe credits of $10,103.95 against the total amount due in arrears. In doing so, the trial court effectively allowed Mr. Dupepe to litigate claims and assert defenses which should have been raised and litigated in the New Mexico state court at the hearing on Mrs. Dupepe’s motion to modify the Louisiana child support order or in a separate URESA action.
In light of the express provisions of R.S. 13:1696 and the ease law interpreting the statute, we find the trial court clearly erred in awarding judgment in favor of Mr. Dupepe on his reconventional demand and using that award to reduce the amount in arrears that had been awarded to Mrs. Dupepe under the foreign support order.
Accordingly, the trial court’s judgment reducing Mrs. Dupepe’s foreign support order from $16,040.00 to $5,936.05 is reversed. The foreign support order in her favor is recognized in the amount of $16,040.00. This case is remanded to the trial court for the rendering of such additional orders, including an Income Assignment Order, as are appropriate for Susan Fautt Dupepe to obtain execution of the foreign support order.

REVERSED AND REMANDED.