liMARVIN, Chief Judge.
The narrow issue in this 1994 multi-state child support action under the Uniform Reciprocal Enforcement of Support Act (URE-SA), Ch. C. Art. 1301 et seq., is whether a 1983 Texas divorce decree ordering the father to pay $200 per month support for a child who is now 14 years old, is enforceable 'prospectively in Louisiana, where the father lives, notwithstanding that the mother’s 1986 URESA action in Louisiana for support and arrearages under the Texas decree was dismissed in 1988. The 1986 action was dismissed after the mother, a Kansas resident, failed to comply with the Louisiana court’s order that she inform the father of the child’s whereabouts for purposes of his exercising the visitation rights granted in the Texas decree.
The trial court in the second URESA action found that the first URESA action did not preclude prospective enforcement of the Texas support order, which, according to this record, has not been modified, either before or since the first URESA action was concluded. Without reaching the mother’s renewed claim for arrearages dating back to 1983, the trial court simply ordered the father to pay $200 per month child support, as fixed by the Texas decree, from the time of the second URESA judgment.
The appellant-father has represented himself throughout the URESA proceedings. The State of Louisiana, Department of Social Services, appeared on behalf of the mother in the trial court, but has not filed a brief in this court.
On this record, we affirm.
12FACTUAL AND PROCEDURAL CONTEXT
Both URESA actions were brought in the Caddo Parish juvenile court. In the first reciprocal action, the Louisiana court ordered the father to pay child support of $15 per week and to provide medical support for the child, commencing in August 1986. In response to the father’s complaints that the mother had not allowed him to visit the child, the court ordered the mother to disclose the child’s address and location to the father by December 1986, but did not suspend the support payments pending her compliance.
In March 1987, the father brought a rule for further disposition, apparently asserting that the mother had not informed him of the child’s whereabouts. In April 1987, and on motion of the assistant district attorney prosecuting the enforcement action on the mother’s behalf, the court ordered “that the payment order be terminated,” according to the court minutes. No written judgment was signed. A year later, in April 1988, and again on motion of the assistant district attorney, the court signed a judgment ordering that the “case be closed and all funds paid by defendant to Department of Health and Human Resources be returned to him.” The mother did not appeal this judgment.
The father contends the 1988 Louisiana judgment dismissing the mother’s first URE-SA action relieved him of any further support obligation under the 1983 Texas divorce decree. The trial court declined to give such sweeping effect to the prior Louisiana order, telling the father:
While I understand your appreciation of that, ... that is not the law. The law is that you shall support your minor children. There is apparently a judgment from Harris County [Texas] wherein both parties *828 were before the court, so there is no question about thejjjurisdiction of the Harris County court. The support obligation was established in that judgment. Now, there has never been any modification of that judgment insofar as the record is concerned here.
[[Image here]]
The ... Uniform Reciprocal Enforcement type of proceeding ... may be employed in addition to any other proceeding with respect to support. Naturally, if an individual is placed under an order in a reciprocal proceeding and he pays, his original divorce judgment is credited with that payment where they can’t collect twice on you, but the only thing that you have presented me is a reciprocal proceeding whereby the matter was dismissed in this court. I have already been that route through the State of Georgia and held one of those cases to be dispositive of the issues, and the Court of Appeals has overruled me, so I am well aware of the rule in this case, that the [second] reciprocal petition is still good....
DISCUSSION
The appellate decision to which the trial judge referred is State v. Fontenot, 587 So.2d 771 (La.App. 2d Cir.1991). See also State of Ohio v. Kline, 587 So.2d 766 (La.App. 2d Cir.1991), decided the same day as Fontenot.
Fontenot held that a 1989 Georgia judgment for $28,000 in child support arrearages, stemming from a 1972 Georgia support order, was entitled to full faith and credit in Louisiana, notwithstanding that the mother’s prior attempt to collect the arrearages through URESA proceedings in Louisiana, before the arrearages were reduced to judgment in Georgia, resulted in judgments declaring that all but $3,900 of the claimed arrearages had prescribed or were otherwise unrecoverable (Feb.1986), and ultimately dismissing the URESA action on findings that the $3,900 in arrearages had been fully paid (Sept.1989). This court reversed the trial court’s ruling that the prior Louisiana URE-SA judgments had the effect of res judicata in the subsequent action to collect the arrear-ages here.
14A similar scenario was involved in Kline. The father’s support obligation was fixed in a 1981 Ohio judgment. The mother brought URESA proceedings in Louisiana in 1983, which resulted in consent judgments to pay support and arrearages. The mother brought a second URESA action here in 1988. After the father consented to pay support by income assignment, the State dismissed the mother’s claim for arrearages. In January 1990, the mother obtained a judgment in Ohio for about $7,500 in arrearages, which she sought to collect in Louisiana under URESA’s provisions for registration of foreign support orders (formerly LRS 13:1691 et seq., now Ch. C. Art. 1337 et seq.).
The Louisiana trial court initially ordered the father to pay the Ohio arrearages through an income assignment, but later vacated the order and dismissed the mother’s action, based in part on the fact that her claim for arrearages in the second URESA proceeding in Louisiana had been dismissed. This court vacated the trial court’s judgment of dismissal, effectively finding that the Louisiana URESA support orders did not supersede the Ohio support orders.
While Fontenot and Kline dealt with collection of support arrearages, a matter which is not at issue in this appeal, the manner in which they construe the scope and effect of a Louisiana court’s URESA orders vis-a-vis the initial out-of-state support order is nevertheless pertinent to this case. As we said in Kline,
The substantive defenses available in an action to enforce a foreign judgment ... include lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make a | ¿judgment invalid or unenforceable. However, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought.
587 So.2d at 770; citations omitted.
URESA explicitly provides that the reciprocal court’s “determination or enforce *829 ment of a duty of support is unaffected by an interference with rights of custody or visitation granted by a court.” Ch. C. Art. 1325 C. The intent of this provision, which appears in URESA legislation in other states, “is to require that disputes over interference with visitation or custody rights be litigated in the divorce action and not in the reciprocal action.” State ex rel. Arvayo v. Guerrero, 21 Ariz.App. 173, 176, 517 P.2d 526, 529 (1973).
When a parent’s support obligation is modified or abated by the court which imposed the original obligation, the modification is binding on a reciprocal court in URESA proceedings. See and compare State ex rel. Arvayo v. Guerrero, cited supra; Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979); and People ex rel. Oetjen v. Oetjen, 92 Ill.App.3d 699, 48 Ill.Dec. 247, 416 N.E.2d 278 (1980).
In each of these cases, the divorce court’s suspension or abatement of the father’s child support obligation, based on the mother’s failure to comply with visitation orders, precluded the mother from thereafter enforcing the initial support order under URESA.
The converse, however, is not necessarily true: The URESA court’s rulings, to the extent that they differ from those of the originating court, do not modify or supersede the original support order unless such a change is “specifically provided” by the URESA court. Ch. C. Art. 1333. This is so | (¡irrespective of whether the divorce and the URESA actions are pending in different states, in different counties of the same state, or even in the same court. See and compare Fontenot and Kline, both cited supra; Trice v. Trice, 428 So.2d 1265 (La.App. 3d Cir. 1983); Bolton v. Bolton, 617 So.2d 630 (La.App. 5th Cir.1993), writ denied; Armstrong v. Armstrong, 83 Ill.App.3d 1062, 39 Ill.Dec. 417, 404 N.E.2d 1008 (1980); In re Marriage of Enewold, 709 P.2d 1385 (Colo.App.1985); and Womkey v. Wornkey, 12 Kan.App.2d 506, 749 P.2d 1045 (1988).
In each of these cases, the URESA court’s ruling that favored the support obligor, whether by declaring that he was not the child’s father {Bolton) or by fixing monthly support or support arrearages in an amount lower than the amount initially established, was deemed not to supersede the initial support order.
The upshot of these cases is that a parent who raises non-jurisdietional defenses to his or her initial support obligation solely in a reciprocal URESA action, without having the initial support order in the divorce action explicitly modified, does so at his or her peril. Any hardship that this may place on the support obligor is, in our view, an unavoidable corollary of the legal principle that a parent’s duty to support a child is of paramount importance under the law and continues until the child reaches the age of majority. See generally Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981); and Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir.1970).
17Again emphasizing that this appeal concerns only the prospective enforcement of the Texas support order, we need not and do not decide what effect, if any, the disposition of the first URESA action has on the mother’s subsequent claim for arrearages in the same reciprocal court.
DECREE
At the cost of the appellant-father, the judgment is AFFIRMED.