[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DETERMINE CONTROLLING ORDER
This matter came before the court on April 18, 2000 on respondent's Motion to Determine Controlling Order dated April 5, 2000. The trial court had ordered, at the dissolution of marriage of the parties on July 26, 1990, a child support order of $155.00 per week unallocated for the support of the parties' two children. Although there are several motions to modify filed by the respondent in the court file, there is no evidence in the file that the order has in fact ever been modified.
Rather, there is sufficient information to conclude that since 1994, the State of Tennessee was enforcing an amount of $178.50 per month. The respondent had moved to that state and the petitioner had relocated with the children to the state of Florida.
The respondent has since moved back to Connecticut and the Support Enforcement Office initiated contempt proceedings to enforce its order of $155.00 per week. The respondent has filed this motion to determine which CT Page 7360 "order" is controlling.
The court will assume, given all of the information available, that the state of Tennessee was enforcing, under the then existing URESA rules, a de novo order, which did not modify the underlying foreign support order. "Our courts in this state have always recognized that this de novo order exists for enforcement purposes only and does not modify the underlying foreign support order" (Emphasis in original). Krygier v.Newlands, Superior Court, Judicial District of Hartford at Hartford, Docket No. BS 74 F/96 (February 17, 1997, Lifshitz, F.S.M.) (11 S.M.D. 68, 94)[1] "Any Connecticut order of modification. . . . under URESA does not modify the orders of the initiating state." Johnson v. Johnson, Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 8192F (May 24, 1996, Sosnoff, F.S.M.), 10 S.M.D. 65, 66.
Further, the obligee's "acceptance of payments under a URESA order issued in a foreign state. . . . does not imply a relinquishing of all rights under the original foreign support order." Twaddell v. Anderson, 523 S.E.2d 715-716. A question of fairness to the obligor of continued existence of the higher original order arises, particularly when several years have passed. Clearly, fairness is an issue when enforcing such an arrearage, but "(a)ny hardship that this may place on the support obligor is. . . . an unavoidable corollary of the legal principle that a parent's duty to support a child is of paramount importance under the law and continues until the child reaches the age of majority." Tucker v.Robertson, 662 So.2d 826, 829 (La.Ct.App. 1995).
Based on the foregoing, this court finds that the existing support order for the two minor children remains $155.00 per week that was previously being enforced at the rate of $178.50 per month. The difference between these amounts results in an arrearage that has accrued and has not yet been found by the court.
Since the original order was not an allocated order, the respondent must file the appropriate motion if he seeks to have the order modified when the older child emancipates. As the matter has been scheduled to appear on the docket of Tuesday, June 20, 2000, all other matters shall be taken up at that time.
 M. Christine Burt, Family Support Magistrate