309 So.2d 409 (1970)
GULF SOUTH RESEARCH INSTITUTE, Plaintiff-Appellee,
v.
Charles (Chuck) BRAMLET, Defendant-Appellant.
No. 3154.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1970.
On Rehearing November 2, 1970.
Writ Refused December 14, 1970.
*410 Landry, Watkins, Cousin & Bonin by William O. Bonin, New Iberia, for plaintiff-appellee (appellant on rehearing).
J. Minos Simon, Lafayette, for defendant-appellant (appellee on rehearing).
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
This suit was instituted by Gulf South Research Institute against Charles (Chuck) Bramlet to cancel a predial lease affecting lands in Iberia Parish. Judgment was rendered by the trial court in favor of plaintiff dissolving the lease, ordering defendant to vacate the premises, and reserving to plaintiff the right to assert a claim against defendant for all rentals and damages due it under the lease. Defendant has appealed.
The defendant, among other pleadings, filed an exception to the jurisdiction of the court and an exception of vagueness. The trial judge concluded that these exceptions had not been timely filed or that there was no merit to them, and for those reasons he ordered the case tried on its merits without a hearing on or a determination of the issues raised by those exceptions. The defendant contends, among other things, that he was entitled to a trial and determination of these exceptions before being compelled to go to trial on the merits.
Several legal and procedural questions are presented. One of them is whether the *411 defendant made a general appearance, thus waiving his right to question the jurisdiction of the court, by filing certain pleadings prior to the trial.
This suit was instituted in Iberia Parish on November 4, 1969. Plaintiff alleged in its original petition that defendant was a resident of St. Mary Parish. He could not be located in that parish, however, and neither personal nor domiciliary service was made on him. On November 14, plaintiff filed a supplemental petition alleging that defendant is a nonresident and praying that an attorney at law be appointed to represent him. An attorney was appointed pursuant to the prayer contained in that pleading. This attorney, in his capacity as curator ad hoc for the absentee, filed an answer in behalf of defendant on December 1, 1969.
The case was then set for trial on December 16, 1969. On December 15 defendant Bramlet, through counsel of his own choice, filed a "Motion for Continuance" in which he alleged that:
"... defendant was initially represented by a curator ad hoc, Mr. Gordie R. White, who filed an answer on December 1, 1969; Mr. White placed an ad in the newspaper and as a result it was called to the attention of undersigned counsel who represented the defendant in other proceedings; that counsel then informed defendant of the pending action and thereafter defendant made arrangement to employ counsel to defend him; after such arrangement the curator ad hoc was requested to turn the file over to undersigned counsel, which file was received on December 11, 1969; further, defendant alleges that he has a good and valid defense as well as reconventional demands to be urged against plaintiff; additionally, defendant's undersigned counsel, by prior commitment, begins a lengthy trial in the Parish of Vermilion on December 15, 1969, and will be engaged in said trial for more than one day; said counsel has not had sufficient time and will not have sufficient time to study the proceedings, formulate a comprehensive answer and reconventional demand...."
The continuance was granted and the case was refixed for trial on February 19, 1970. On January 26, defendant, through his present counsel, filed an exception to the jurisdiction of the court and an exception of vagueness. When the matter came up for trial on February 19, counsel for defendant requested a hearing on and a determination of the exceptions before the trial of the case on its merits. The trial judge denied this request, and he ordered that the trial of the case proceed without a prior disposition of the exceptions. Counsel for defendant objected and, with the court's permission, he thereupon left the court room and did not participate in the trial, explaining that his participation in the trial might be construed as a general appearance by his client and a waiver of his right to question the jurisdiction of the court.
The trial judge assigned as his reasons for refusing to consider the exceptions to the jurisdiction of the court and the exception of vagueness that: (1) The defendant failed to file the exceptions or to fix them for hearing prior to the time the case was scheduled for trial on its merits; (2) Iberia Parish is the proper parish for venue of the trial, since the land is situated in that parish; and (3) the filing of an answer by the curator ad hoc appointed to represent the defendant precludes the filing of the exception to the jurisdiction of the court and the exception of vagueness.
Plaintiff contends that Bramlet made a general appearance, and thus waived his right to object to the jurisdiction of the court, by filing a "Motion for Continuance" before the case came up for trial on the merits. Article 7 of the Louisiana Code of Civil Procedure provides that a party makes a general appearance which subjects him to the jurisdiction of the court when *412 he seeks any relief other than the five types of relief which are specifically listed therein. One form of relief which is specially listed in that article as an exception to the general rule is a motion for "Extension of Time Within Which to Plead."
Although the pleading filed by defendant on December 15, 1969 is labeled "Motion for Continuance," we think it clearly is a motion for extension of time within which to plead. Our conclusion is that the filing of this motion for continuance does not constitute a general appearance on the part of Bramlet, and thus the filing of that motion does not constitute an implied waiver by him of his objection to the jurisdiction of the court.
Plaintiff also argues, and the trial judge held, that the exception to the jurisdiction of the court was not timely filed because it was pleaded after the filing of an answer in behalf of defendant by the curator ad hoc. An exception to the jurisdiction of the court is a declinatory exception. LSA-C.C.P. art. 925. The Court of Civil Procedure provides that: "The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default." LSA-C.C.P. art. 928. The provisions of these articles, considered alone, indicate that the exception to the jurisdiction of the court was not timely filed. Article 7 of the Code of Civil Procedure, however, provides that "... an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him," will not be considered as having made a general appearance and thus subjected himself to the jurisdiction of the court. Since the filing of an answer in behalf of an absent defendant, through the attorney at law appointed by the court to represent him, does not constitute a general appearance, we conclude that the filing of such a pleading by the curator ad hoc does not preclude the defendant from thereafter filing an exception to the jurisdiction of the court. We find that the exception to the jurisdiction of the court was not filed too late, and that the trial court erred in failing to consider and to rule on that exception prior to the trial.
We also find that the filing of the exception of vagueness did not constitute a general appearance by the defendant. The exception of vagueness is a dilatory exception. LSA-C.C.P. art. 926. Article 926 provides that when both the declinatory exception and the dilatory exception are pleaded they shall be filed at the same time. Article 7 of the Code of Civil Procedure provides: "When a defendant files a declinatory exception which includes the prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, ... the filing of the dilatory exception therewith, ... does not constitute a general appearance." In view of this provision of the Code of Civil Procedure we find that the filing of the exception of vagueness at the time the exception to the jurisdiction of the court was filed did not constitute a general appearance by the defendant.
Plaintiff argues that "defendant's exceptions were in fact overruled prior to receipt of evidence on the merits." We find some support for this argument in the transcript of evidence taken at the trial, but the minutes of the court and other information contained in the transcript show that the exceptions were not considered or determined.
The minutes of the court show that "Counsel for defendant objected to a trial on the merits on this date because exceptions filed herein have not been disposed of. The court denied the defendant's objection and ordered the plaintiff to proceed trying the case on the merits." The transcript of the evidence shows that when the case was called for trial, the court announced "We will first take up your exceptions, Mr. Simon." Following an argument, the court then stated "I am going to overrule your exceptions and allow the case to go to trial on the merits today." The trial judge then assigned reasons for his ruling, which reasons are to the effect that the exceptions were not *413 considered because they were filed too late. The trial judge concluded his reasons for his ruling as follows: "Possibly there is some merit or would be some merit to this exception that he's filed had it come prior to the filing of the answer, but, as I have indicated, it comes too late at this time. Therefore, I'm ordering that the plaintiff may proceed with his case."
Our review of the record convinces us that no hearing was held on the exceptions and that no determination has been made of the exception to the jurisdiction of the court or of the exception of vagueness. We conclude that the trial judge erred in failing to consider and to determine the exceptions filed by defendant before the case was tried on its merits.
Plaintiff contends that, in any event, the court had jurisdiction to enforce the right which plaintiff seeks in this suit, even though plaintiff was a nonresident at the time the suit was filed. It points out, correctly, that under the provisions of Article 8 of the Code of Civil Procedure, a court which is otherwise competent "has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court." It is argued that plaintiff here is seeking to enforce a right regarding a lease claimed by defendant on land in Iberia Parish, and that although the court does not have jurisdiction over the person of defendant it has jurisdiction, by substituted service of process, to enforce plaintiff's right to property claimed by defendant in that parish.
Plaintiff argues that even though defendant may have appointed an agent for the service of process in Louisiana prior to the institution of this suit, that fact does not preclude the appointment of an attorney at law to represent the nonresident defendant, nor does it prevent service of process on the nonresident defendant through that curator ad hoc. Plaintiff argues further that if the action was instituted in a court of improper venue, as contended by defendant, the legally appointed curator ad hoc for the defendant filed an answer raising no objection to the venue, and the defendant thus must be held to have waived his right to object to the venue.
Although persuasive arguments have been presented in support of these contentions by plaintiff, we consider it unnecessary to rule on them here. In our opinion the defendant was entitled to have the exceptions which he filed tried and determined before the case was tried on its merits. Since that was not done, we think counsel defendant was justified in not participating in the trial. The trial judge apparently was of the same opinion, because in response to counsel's request to be excused, the trial judge stated "I believe, Mr. Simon, that under the same circumstances I'd do the same thing. Certainly your request is granted."
In our opinion, the ends of justice require that the judgment appealed from be reversed, and that the case be remanded to the trial court in order that the exceptions filed by defendant may be considered and determined. In the event the exceptions are overruled, the case then can proceed to trial on its merits and defendant thus will have an opportunity to present any defenses he may have without risk of waiving his right to object to the jurisdiction of the court.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to plaintiff-appellee.
Reversed and remanded.
Before FRUGÉ, SAVOY, HOOD, CULPEPPER and MILLER, JJ.

ON REHEARING
MILLER, Judge.
The application for rehearing convinced a majority of our court that we were in *414 error in holding that the trial court did not conduct a hearing on the issues raised by the exceptions. We find that the exceptions were presented prior to the trial on the merits and the trial court properly overruled them.
Plaintiff filed suit in November of 1969 and the case was set for trial for December 16, 1969. On December 12, 1969 defendant's present counsel filed a "Motion for Continuance", expressing an intention to file a comprehensive answer and reconventional demand. Tr. 26. This motion was granted. On January 12, 1970, plaintiff had the case reset for trial on the merits for February 19, 1970. On January 26, 1970, defendant filed exceptions, but did not seek to have the exceptions heard prior to the February 19th date previously set for trial.
The February 19, 1970 transcript of testimony opens with the following note of evidence:
"BY THE COURT:
We will first take up your exceptions,
Mr. Simon.
[ARGUMENT]
"BY THE COURT:
I am going to overrule your exceptions, and allow the case to go to trial on the merits today."
Thereafter the court started dictating into the record the various contentions by the parties presumably leading to his assignment of reasons for overruling the exceptions. Counsel for exceptor (defendant) interrupted so that he could state his own position for the record. The court allowed counsel to state his position at length. He contended that Bramlet was a nonresident of the State and that the court had no jurisdiction over Bramlet; that the exceptions should have been set for hearing prior to the date for the trial.
The court then answered the arguments of exceptor's counsel. The court noted that exceptor's counsel knew that the case had been set for trial on the merits for some time before the exceptions were filed, and that exceptor had not moved to have the exceptions heard at an earlier date. The court ruled:
"that the exceptions are not well founded because this is as suit to cancel a lease covering land in Iberia Parish and therefore Iberia Parish is the proper parish for the venue of the trial, as well as jurisdiction over the defendant who is the tenant under this lease."
The trial court did assign other reasons for his ruling which our original opinion correctly finds to be erroneous. But the issue of jurisdiction was properly decided by the trial court.
There is no suggestion in the record that exceptor argued in support of the exception of vagueness. That exception was also properly overruled.
At the conclusion of the hearing of the exceptions, counsel for exceptors stated:
"And, I would like to make a proffer of proof in connection with this and make the exception a part of the ruling, and the order of the court, and I now give notice to the Court of my intentions to apply for an immediate writs with the Court of Appeals for the Third Circuit of the State of Louisiana as to the ruling of the Court, and I respectfully move to stay the proceedings for a reasonable period of time in which I might make and file this application to the Courts of Appeals."
"BY THE COURT:
"No, Mr. Simon, this Court will not stay the proceedings. Of course, you may apply for your writs."
Thereafter counsel for exceptors sought permission to
"* * * remove myself from these proceedings because I am convinced that this Court is without jurisdiction, and *415 to participate in the trial of this cause this morning, would constitute a general appearance on behalf of my client, and, I am duty bound to do all within my power to protect his rights and not to prejudice his rights. Therefore, I beg this additional motion that the Court grant me leave to remove myself so that I may proceed to prepare my application in order to get a stay from the Court of Appeals."
Permission to leave was granted and the case was tried without Bramlet's counsel.
Counsel for exceptor's request to make a proffer of proof was not denied. He chose not to make the proffer, and we are left with the conclusion that exceptor did not have evidence to produce in support of his exception to the court's jurisdiction.
Exceptor's application for writs to the Court of Appeal, Third Circuit was denied.
Having found that there was a hearing on the exceptions, we now consider exceptor's contention that the court was without jurisdiction over the person of the defendant and there is a lack of jurisdiction over the subject matter of the action.
This suit was filed to cancel a predial lease involving property located in Iberia Parish. The record as it now stands contains everything necessary to determine that the district court did have jurisdiction.
In overruling the exception to the court's jurisdiction, the trial court relied on LSA-CCP Article 8 which provides:
"A court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court."
Plaintiff sought to enforce a right in and to property having a situs in this state, claimed by a nonresident not subject personally to the jurisdiction of the court.
A straightforward analysis of Article 8 reveals that the Legislature armed our courts with the power to resolve controversies over rights in, to, or against Louisiana property where those rights are owned or claimed by a nonresident. The redactors added the subordinated adjective clause "claimed or owned by a nonresident not subject personally to the jurisdiction of the court" not as a limitation on jurisdiction, but rather as a boundary between the effects of Article 8 and Article 6. The conjunction of these articles vests our courts with jurisdiction over all controversies over rights in, to, or against Louisiana property.
Defendant's counsel misconstrues Article 8 by contending that "claimed or owned by a nonresident not subject personally to the jurisdiction of the court" modifies "property having a situs in this state" and not "a right". Such a construction attributes grammatical carelessness and deplorable shortsightedness to the redactors of the Code of Civil Procedure. The Court will not interpret Article 8 in that light.
A rule of English grammar states that adjective clauses modify the noun immediately preceding. However, when such a construction would be illogical, the subordinate clause modifies the preceding noun with the most eminence in the sentence. In this case, the immediately preceding noun is "state", a noun which the clause could not logically modify; therefore, the clause modifies the first and most gramatically important of the preceding nouns in the predicate. As the object of the infinitive "to enforce", the noun "right" has more prominence in the sentence than the word "property", an object of a preposition and, in itself, a modifier of "right".
Defendant's counsel errs when he attempts to convert a modifier into a modifier of a modifier. Both "claimed or owned by a nonresident not subject personally to the jurisdiction of the court" and "in, to, or against property having a situs in this state" modify "right". In this sense the prepositional *416 phrase and the subordinate clause are co-ordinate.
We do not believe the redactors of Article 8 chose to compel these litigants to go before a foreign court to determine questions of Louisiana law involving a predial lease confected in Louisiana having Louisiana immovable property as its subject.
Even if Article 8 were ambiguous, we would interpret it in favor of jurisdiction. To narrowly limit jurisdiction invites the prospect of a judicial hiatus. Plaintiff might have a matter which no state's court would hear.
To broadly apply jurisdictional power, within constitutional constraints, creates little mischief thanks to the principle of Full Faith and Credit. The Legislature's most recent actions illustrate a policy in favor of extending jurisdiction of our courts to the full measure allowable. Thus, as the United States Supreme Court has broadened what were formerly regarded as the restrictions on nonresident jurisdiction, the Legislature has passed new Acts to extend Louisiana's long arm.
Defendant appellant states that at the trial of the exceptions he intended to prove (1) that the court did not have jurisdiction over his person or (2) over his property; (3) that the matter in litigation did not involve status and (4) that he had appointed an agent for service of process and that no service had been made on such agent.
The record disposes of each of these points. (1) Plaintiff alleged that defendant was a nonresident and defendant admitted that. There is no issue. (2) The suit seeks cancellation of a predial lease on specific property located in Iberia Parish. LSA-CCP Article 8 grants jurisdiction to the trial court. (3) Plaintiff admits that this suit does not involve status. (4) Defendant did not offer evidence at the hearing of the exception or by proffer of proof to establish that Bramlet appointed an agent for service of process prior to service of process on the attorney validly appointed under LSA-CCP Article 5091.
While defendant was a nonresident at the time suit was filed and at the time a curator was appointed to represent him, as admitted by defendant in his brief and his declinatory exception (Tr. 29), and while the court did not then have jurisdiction over the person of defendant, it did have jurisdiction to enforce plaintiff's right to Iberia Parish property. LSA-CCP Article 8.
Moreover, not only did the court have jurisdiction by virtue of the property right which was the subject of the action, but defendant subjected himself to the court's jurisdiction and waived all objections thereto when, acting through his present counsel, he sought and obtained a continuance of the trial fixed for December 16, 1969. Tr. 26. LSA-CCP Article 7 provides that except as otherwise provided therein, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than those five types of relief specified, which do not include a motion for continuance.
In our original opinion we concluded that defendant's "Motion for Continuance" was a motion for an extension of time within which to plead, which did not constitute a general appearance under LSA-CCP Article 7. But the thrust of defendant's "Motion for Continuance" contemplated a readiness to join issue on the merits and an intent to file a reconventional demand. The motion was aimed solely at postponing the trial, not at denying jurisdiction. The courts have been reluctant to extend the exceptions provided in LSA-CCP Article 7. Defendant's motion for time to formulate a more comprehensive answer and to file a reconventional demand waived his objections to jurisdiction and subjected Bramlet to the court's jurisdiction.
*417 The record is replete with testimony supporting plaintiff's contention that defendant breached the conditions of his predial lease. We affirm the judgment of the trial court dissolving the leases, ordering defendant to vacate the premises and reserving to plaintiff the right to assert a claim against defendant for all rentals and damages due it under the leases. Costs are assessed to defendant-appellant.
Affirmed.
HOOD and FRUGÉ, JJ., dissent for the reasons assigned in our original opinion.