595 So.2d 732 (1992)
Wayne G. PHILLIPS
v.
Darlene Wood PHILLIPS.
No. 91-CA-854.
Court of Appeal of Louisiana, Fifth Circuit.
February 18, 1992.
*733 Eunice S. Charles, Gretna, for defendant/appellant Darlene Wood Phillips.
Roland A. Ditta, Gretna, for plaintiff/appellee Wayne G. Phillips.
Before BOWES, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Darlene Phillips Woods, appeals a judgment for child support rendered against her in favor of her ex-husband, Wayne G. Phillips, appellee.
Appellant and appellee were married in 1979. They already had a three year old child when they married and in 1979 another child was born. In 1982, a divorce was granted in favor of appellee on the basis of living separate and apart and on January 17, 1984, he was given custody of the two children. Child support was neither requested nor ordered at that time. On June 26, 1990, appellee filed a Rule to Show Cause why appellant should not pay child support and why her pauper status should not cease. The rule was heard on May 7, 1991 before a hearing officer. Judgment was rendered on May 14, 1991 awarding appellee child support in the amount of $150.00 per month and discontinuing the pauper status of appellant. It is from this judgment that appellant appeals. We reverse in part, affirm in part and remand.
Appellant asserts that the trial judge erred in awarding child support since there is a great disparity between her small income and that of appellee.
La.R.S. 9:315.1 to 9:315.15 provide the guidelines for determining child support. They apply to any proceeding to establish or modify child support filed on or after October 1, 1989. R.S. 9:315.1(A). The court may deviate from the guidelines only if their application would not be in the best interest of the child or would be inequitable to the parties. R.S. 9:315.1(B). If the court decides to deviate from the guidelines, it shall give oral or written reasons. Otherwise, the court must follow the guidelines in setting the child support.
According to the guidelines, the court shall calculate the child support as follows:
§ 315.8 Calculation of total child support obligation.
A. The total child support obligation shall be determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses.
B. A deduction, if any, for income of the child shall then be subtracted from the amount calculated in Subsection A. The remaining amount is the total child support obligation.
C. Each party's share of the total child support obligation shall then be determined by multiplying his or her percentage share of combined adjusted gross income times the total child support obligation.
D. The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule.
In order for the trial judge to determine the basic child support obligation, R.S. 9:315.2 provides:
§ 315.2 Calculation of basic child support obligation.
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent *734 federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or under employed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceedings.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part. (Emphasis added).
Without the appropriate and required documentation and evidence with regard to the parties' gross income and adjusted gross income, voluntariness of wife's unemployment and the other mandated considerations, the case must be remanded for a proper recalculation of the support obligation. Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991).
In this case, neither party presented to the court a verified income statement, adequate documentation of current and past wages, nor did they include copies of their most recent federal tax returns. The parties failed to combine the amounts of their adjusted gross incomes and to determine by percentage their proportionate share of the combined amount, which is to be provided to the court for the judge to use in calculating the basic support and total support in accordance with the guidelines. R.S. 9:315.2. Due to the lack of documentation and evidence herein, the trial judge could not apply the guidelines of La.R.S. 9:315 et seq., and neither can this court. Thus, we remand the case for recalculation of the support obligation[1] and reasons for judgment.
The next issue presented by appellant is whether or not the trial judge erred in revoking the status of appellant as a pauper for purposes of litigating without payment of costs.
La.C.C.P. arts. 5181 et seq. govern the privilege of litigating without payment of costs due to poverty and lack of means. Recision of the right is within the trial judge's discretion. La.C.C.P. art. 5184.
In this case, appellant asserted that her income averaged $820.00 in 1991. She claimed expenses in the amount of $720.00, including a house note of $278.83. She also admitted that she sold baked goods and stuffed crabs occasionally to make extra income. Appellant further testified that her two adult daughters live with her, most of the time, and that her thirteen month old grandchild lives with her as well. She testified that one daughter receives welfare and the other works part-time with neither contributing to the payment of her household expenses.
The trial judge concluded that appellant was not entitled to pauper status and revoked her right to litigate without payment of costs. The trial judge listened to the testimony, weighed the credibility of appellant and reached this conclusion. After our review, we find that the evidence supports her finding. Thus, the trial judge did not abuse her discretion in this regard.
Accordingly, the judgment of the trial court is hereby reversed as to the child support award and remanded for recalculation of child support based on the guidelines set forth in R.S. 9:315.1 et. seq. The judgment is affirmed in all other respects.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] We note that we are unable to determine how the trial judge arrived at her child support award of $150.00 as the figures used do not match the figures in the R.S. 9:315.14 schedule.