634 So.2d 1226 (1994)
Carla Anne STEWART, Plaintiff-Appellee,
v.
John Fraser CARTER, Defendant-Appellant.
No. 93-830.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1227 Patricia A. Thomas, Abbeville, for Carla Anne Stewart.
Thomas James Frederick, Abbeville, for John Fraser Carter.
Before KNOLL and COOKS, JJ., and CULPEPPER,[*] J. Pro Tem.
KNOLL, Judge.
John Fraser Carter (Carter) appeals the judgment of the trial court which ordered him to pay Carla Anne Stewart (Stewart), his ex-wife, $854 per month for the support of his two minor children.
Carter contends that the trial court erred in: (1) determining that it had personal jurisdiction over him sufficient to render a money judgment against him; (2) determining that the previously entered URESA support order was not res judicata on the issue of child support; (3) determining that Stewart was entitled to an increase in child support; and, (4) determining the amount of child support Carter owes without having an evidentiary basis.
Stewart answered the appeal, seeking an increase in child support.

FACTS
Carter and Stewart were married in Vermilion Parish on April 18, 1982. Subsequently, they moved to Houston, Texas and then to New York. Two children were born of this marriage, Lauren on October 23, 1982, and Eric on August 31, 1987.
After separating in New York, Stewart and her two minor children moved to Vermilion Parish, Louisiana where she filed a petition for separation on September 1, 1988. Incidental to the petition, Stewart also asked for custody of the two children, together with alimony for herself and child support.
Stewart's petition was met with a declinatory exception urging that the Louisiana courts lacked subject matter jurisdiction as well as personal jurisdiction over Carter. Thus, Carter averred that the Louisiana court lacked authority to entertain the petition for separation, together with the incidental demands for child custody, alimony pendente lite and child support.
On November 17, 1988, the trial court ruled as follows:
"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the exception of lack of personal jurisdiction over the defendant is maintained. It is further ordered that the exception of lack of jurisdiction of the court to adjudicate the custody of the minor children is also maintained. Plaintiff [Stewart], however, is granted a reasonable amount of time within which to amend her petition to attempt to make proper allegations regarding the jurisdiction of this court to adjudicate the custody issue."
On March 29, 1989, Stewart filed an amended petition, seeking custody of their two minor children and prayed for a legal separation.
On April 17, 1989, Stewart and Carter, represented by retained counsel, entered into a stipulation which granted Stewart child custody, subject to reasonable visitation privileges. A judgment to that effect was signed on May 25, 1989.
On October 25, 1989, Stewart filed a petition which supplemented her earlier petition for legal separation. In this supplemental petition, Stewart sought an absolute divorce under the provisions of LSA-R.S. 9:301 and asked that the earlier custody order be maintained. Counsel for Carter accepted service of the supplemental petition and filed an answer denying all of the allegations. On January 22, 1990, Stewart and her attorney, together with counsel for Carter, appeared in open court. After hearing evidence, the trial court granted Stewart a legal divorce and granted her custody of both children, subject to Carter's visitation privileges which were detailed in the judgment.
*1228 The next proceeding was a motion filed on December 18, 1991, in which Stewart sought a modification of Carter's visitation schedule and a prayer that child support be fixed in accordance with the child support guidelines. In response to the trial court's order that a hearing be held on February 10, 1992, on the issues of visitation and child support, Carter, in proper person, moved for a continuance. In accordance with Carter's motion, the trial court granted the continuance and rescheduled the hearing for June 22, 1992.
On June 4, 1992, Carter, now represented by counsel, motioned the court to transfer custody of the two minor children from Stewart to himself, and asked that this proceeding be held on the same date as Stewart's previously filed motion.
Subsequently, on June 17, 1992, Stewart obtained an ex parte continuance of the motions until August of 1992. After Carter asked the trial court to reconsider its ex parte continuance order, Carter and Stewart jointly petitioned the trial court to move the hearing to November 23, 1992.
On November 4, 1992, Carter excepted to Stewart's motion to fix child support, urging in a peremptory exception of res judicata that the petition and judgment rendered in Carla Stewart versus John Carter, dated January 13, 1989, a URESA action which ordered Carter to pay child support of $260 per month, prohibited the relitigation of child support.
The trial court minutes next show that on November 23, 1992, counsel for Stewart and Carter appeared in court, and that "[A] pre-trial [was] held in judges chambers. This matter was then set aside."
The trial court then rendered written reasons for judgment on January 4, 1993, stating, "By agreement of counsel [on November 23, 1992], the matter was submitted on the record and the Court took it under advisement for the purpose of allowing counsel to file memoranda." In its written reasons for judgment, the trial court determined that: (1) it had personal jurisdiction over Carter; (2) the URESA judgment did not constitute res judicata between Carter and Stewart; and, (3) after consulting the child support guidelines and taking into account Carter's payment through URESA of $260 per month, Stewart was entitled to receive an additional sum of $854 per month from Carter for child support. A judgment in accordance with the trial court's written reasons was signed on January 25, 1993.
This appeal followed.

PERSONAL JURISDICTION OVER CARTER
Carter contends that the trial court lacked personal jurisdiction over him in order to adjudicate Stewart's motion which sought a money judgment against him to pay monthly child support for his two minor children.
LSA-C.C.P. Art. 6 provides:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto."
LSA-C.C.P. Art. 7 further provides:
"A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or

*1229 (5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
B. This Article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
C. When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory and peremptory exceptions therewith, or the filing of an answer therewith when required by law, does not constitute a general appearance."
Stewart argued to the trial court that although it did not originally have personal jurisdiction over Carter when her first pleadings were filed, jurisdiction was later acquired when Carter voluntarily submitted through his participation in the court proceedings. We agree and point out two instances directly related to the issue of child support.
After Stewart filed her motion to modify visitation and sought child support under the guidelines on December 18, 1991, Carter filed a motion, in proper person, to have the hearing date continued. In Gulf South Research Institute v. Bramlet, 309 So.2d 409, 416 (La. App. 3 Cir.1970), we stated:
"[D]efendant subjected himself to the court's jurisdiction and waived all objections thereto when, ... he sought and obtained a continuance of the trial ... LSA-C.C.P. Art. 7 provides that except as otherwise provided therein, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than those five types of relief specified, which do not include a motion for a continuance."
Having sought this continuance, we find that Carter made a general appearance and waived all objections to the trial court's jurisdiction to order him to pay child support.
Additionally, on November 9, 1993, Carter filed a peremptory exception of res judicata which directly addressed the issue of child support. At no time in urging this exception did he reserve his objection to personal jurisdiction by coupling that exception with a declinatory exception of lack of personal jurisdiction. LSA-C.C.P. Art. 7(C).
Accordingly, we find no error in the trial court's determination that Carter subjected himself to the personal jurisdiction of the trial court.

RES JUDICATA
Carter next contends that the trial court erred when it denied his peremptory exception of res judicata. He argues that the support order previously entered under URESA was res judicata on the issue of child support.
After reviewing the URESA petition, which was initiated in Louisiana, and citing Carter, a New York Court support order was signed, ordering Carter to pay $260 per month for the support of his two children who were living with Stewart in Louisiana.
Carter's contention is that the judgment of child support set in this URESA proceeding was res judicata as to any future action by Stewart to have child support set in a Louisiana trial court.
LSA-R.S. 13:1643 states, "The remedies herein provided are in addition to and not in substitution for any other remedies." Based on this language, the trial court concluded that Stewart was "free to pursue a civil action for support in addition to that awarded in the URESA Judgment." We agree with the trial court.
On January 13, 1989, when Stewart initiated URESA proceedings in Vermilion Parish, she assigned her right to payment of whatever child support she received from URESA to the Louisiana Office of Family Services, Child Support Enforcement Division. At the time that these proceedings were begun, Stewart was not receiving child support because Carter had objected to the Louisiana court's jurisdiction to render a money judgment against him for the support of his two children.
*1230 Under these facts, we cannot see how Carter differentiates the rulings in Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983), and like cases, simply because the URESA order was dated after the trial court had entered a child support order incidental to either a legal separation or divorce. It was simply because of an inability to acquire personal jurisdiction over Carter that the URESA proceedings were begun. These facts can not now be twisted by Carter to his advantage. Furthermore, if Carter's logic were applied in the cases which he tries to distinguish, it would have been equally true that the earlier acquired child support orders would have been res judicata to the URESA order. Such an anomaly would short circuit the purpose of URESA.
Accordingly, we find no merit to Carter's assertion.

CHILD SUPPORT INCREASE
Carter contends that the trial court erred in granting Stewart an increase of child support. We have carefully reviewed the record and simply point out that Stewart's motion sought an initial determination of child support. No earlier child support order had been granted in the trial court. Accordingly, there is no factual basis for Carter's assignment of error.

AMOUNT OF CHILD SUPPORT
Carter's final assignment of error addresses the lack of evidence to support the trial court's determination of the amount of child support which he owed. Stewart contends in her answer to the appeal that the trial court miscalculated the amount of child support due and asks that we raise the amount.
For the trial court to determine the basic child support obligation, LSA-R.S. 9:315.2 provides:
"A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with a documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set for in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceedings.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part."
Louisiana jurisprudence holds generally that without the appropriate and required documentation and evidence with regard to the parties' gross income and adjusted gross income, and other mandated considerations, child support cases must be remanded for a proper recalculation of the basic support obligation. Phillips v. Phillips, 595 So.2d 732 (La.App. 5th Cir.1992).
In the case sub judice, there is no transcript, and no documentary evidence in accordance with LSA-R.S. 9:315.2 was submitted. Although a work sheet appears in the record, there is no indication who prepared it. Likewise, the trial court's written reasons for judgment indicate that the parties submitted the matter on the record and it allowed counsel to file memoranda. Unfortunately, there are no stipulations of record showing the parties' incomes. Only Stewart's memorandum refers to assumptions about Carter's income in New York; it appears that the income referred to on the work sheet may be based on the lowest income assumed to be made by Carter. Carter's memorandum only addresses the exceptions *1231 regarding personal jurisdiction and res judicata and makes no assertions of his or Stewart's incomes. Accordingly, we cannot give any evidentiary weight to the work sheet or the memoranda in assessing the amount of child support. Due to the lack of this documentation and evidence thereon, we find that the trial court could not properly apply the guidelines and neither can we. Accordingly, we remand this case for the proper recalculation of the child support obligation.
Notwithstanding our reversal of the child support order, we have determined that it is necessary for us to suspend our judgment in this regard until the trial court redetermines child support in accordance with our instructions herein. "Our substantive law abhors a gap in the support of one in need...." Hogan v. Hogan, 549 So.2d 267 (La.1989). Accordingly, we will suspend our judgment in this instance to avoid a gap in the support of the two minor children in Stewart's care. Therefore, we order Mr. Carter to continue his child support payments of $854 per month until further orders of the trial court.
For the foregoing reasons, the judgment of the trial court denying John Fraser Carter's objection to the trial court's in personam jurisdiction and his res judicata exception is affirmed. It is further ordered, adjudged and decreed that the trial court's judgment which ordered John Fraser Carter to pay child support for his two minor daughters is hereby reversed and remanded for the taking of additional evidence in accordance with the views expressed herein. However, we hereby suspend our reversal of the child support judgment and John Fraser Carter is hereby ordered to continue child support payments of $854 per month to Carla Anne Stewart until the trial court has conducted an evidentiary hearing for the redetermination of child support and orders otherwise. Costs of these proceedings are assessed to John Fraser Carter.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.