658 So.2d 212 (1995)
Cynthia Saxon Craig NORWOOD, Plaintiff-Appellee,
v.
David CRAIG, Defendant-Appellant.
No. 27114-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*213 Robert C. White, Minden, for appellant.
Campbell, Campbell, & Johnson by James M. Johnson, Minden, for appellee.
Before HIGHTOWER and STEWART, JJ., and EDWARDS, J. Pro Tem.
HIGHTOWER, Judge.
An Arkansas father appeals a judgment ordering him to pay monthly child support for his two children residing in Louisiana. Finding no reversible error, we affirm.

FACTS AND PROCEDURAL HISTORY
After almost seven years of marriage during which they lived in Arkansas, David Craig and Cynthia Saxon Craig (now Norwood) obtained a divorce decree from the Chancery Court of Yell County on April 10, 1984. That judgment granted the mother custody of their two minor children, subject to the father's visitations, and ordered Craig to pay $76.50 in weekly child support. Seven months later, that same court reduced the obligation to $44.50 per week and authorized Norwood to remove the children from Arkansas. Subsequently, in March 1986, the mother *214 and children moved to Minden, Louisiana. Then, in August 1990, pursuant to an agreement between the parents, the Arkansas court reestablished child support at $76 weekly.
With a petition to the Twenty-Sixth Judicial District Court of Louisiana on September 13, 1993, Norwood instituted the present action to increase child support once again. Responding to service under this state's long arm statute, Craig appeared, through counsel, at a December 21, 1993 rule to show cause why his alimentary obligation should not be fixed in accordance with the Louisiana Child Support Guidelines, LSA-R.S. 9:315, et seq. After overruling the father's challenges to personal and subject matter jurisdiction and exceptions of no cause and no right of action, the lower court ordered him to pay $550 monthly. This appeal ensued.

DISCUSSION

Personal Jurisdiction
As his first assignment, Craig argues that the trial court wrongly concluded that he submitted himself to the personal jurisdiction of the Louisiana court by filing a motion for continuance. We find no error in that ruling.
At the December 21, 1993 proceeding, Craig's attorney filed a written motion for continuance. That pleading, in requesting that the rule be rescheduled for the next available hearing date (January 4, 1994), asserted that counsel had been retained on the previous afternoon and thus "had no time to investigate the matter, to interview the client or do anything else to provide a constructive defense for mover." In granting the request, the trial court stated:
Let the minutes show that Mr. White is present and that he enrolls as counsel [for Craig]. Motion for continuance is filed. I'm going to grant the motion. I will note that defendant was, may have been served twice, but he was certainly served by registered, by certified mail, the last time being 12-3-93, and he did wait awful late to hire him a lawyer. He hired you yesterday. But I will continue the matter until December [sic] 4 with the understanding too that jurisdiction is not being questioned since Mr. White is enrolled as counsel for the defendant and, secondly, that this is without prejudice to the rights of the plaintiff insofar as any ultimate award being made retroactive. [Emphasis added.]
When the court next met on January 11, Craig filed a declinatory exception asserting that the trial court lacked personal jurisdiction.[1] In a written opinion overruling that exception,[2] the trial judge noted the continuance motion and that the defendant had failed to dispute, in December, the court's statement that he did not contest jurisdiction.
Jurisdiction over the person, that is, the legal power and authority of a court to render a personal judgment against a party to an action or proceeding, may be based upon that party's submission to the court's exercise of jurisdiction over him personally, or upon his express or implied waiver of objections thereto. LSA-C.C.P. Art. 6. A party makes a general appearance, which subjects him to the jurisdiction of the court and impliedly waives all objections thereto, when he seeks any relief other than as listed in LSA-C.C.P. Art. 7. The filing of a motion for continuance qualifies as a general appearance and waives all objections to personal jurisdiction. Stewart v. Carter, 93-830 (La. App. 3d Cir. 03/02/94), 634 So.2d 1226.
Craig now argues that, although styled a motion for continuance, his filing actually constituted a request for an extension of time within which to plead, and, thus, did not subject him to personal jurisdiction. See LSA-C.C.P. Art. 7(2). We, however, cannot concur. Neither defendant's written motion nor the transcript of the initial proceeding evince a request for an extension of time for pleading. Instead, both items reveal specific *215 references to a continuance of the hearing and the fixing of another exact date. Moving for a continuance, certainly when doing so without expressly stating that the sole purpose is to gain time within which to plead, is a general appearance subjecting a party to the personal jurisdiction of the court.
Moreover, the district judge explicitly announced that the continuance would be granted in part because defendant did not challenge jurisdiction. Craig's attorney failed to take issue with that statement, or to advise the court that he did not intend to make a general appearance but sought merely an extension of time for pleading. This assignment of error lacks merit.

Subject Matter Jurisdiction
Craig next correctly asserts that the Uniform Child Custody Jurisdiction Act (UCCJA) does not confer subject matter jurisdiction to determine child support issues. See LSA-R.S. 13:1701(2), 1702. Even so, contrary to appellant's second assignment of error, this does not defeat the mother's action.
In that Louisiana retains a system of fact pleading, LSA-C.C.P. Art. 854, Official Revision Comment (a), our courts look to the facts alleged in determining the remedy sought. Cf. O'Brien v. Remington Arms Co., Inc., 601 So.2d 330 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1003 (La.1992). In the matter at hand, Norwood directed her allegations toward an appropriate child support award for her two minors residing in this state. Our district courts, of course, regularly exercise subject matter jurisdiction concerning child support. See, e.g. Imperial v. Hardy, 302 So.2d 5 (La.1974); Atkins v. Atkins, 588 So.2d 407 (La.App. 2d Cir.1991); Duehring v. Vasquez, 490 So.2d 667 (La.App. 2d Cir.1986); Stewart, supra. See also LSA-C.C. Art. 141; LSA-C.C.P. Arts. 2, 2592(8).

Exception of No Right or Cause of Action
Craig next argues that, having improperly relied upon the UCCJA as the basis of her non-custody claim, Norwood has no cause of action. Defendant's position, however, is not well founded. An exception of no cause of action tests the legal sufficiency of the petition by determining whether, from the facts alleged, the law affords a remedy. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993). In addressing such an exception, the court should accept well pled allegations of fact as true, and then determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id.
Evaluated by these standards, Norwood's petition states a cause of action against Craig. The mother and children are residents of this state; Craig, as the father, is obligated to support his offspring. See LSA-C.C. Art. 227. And, since the last award, there has been a significant change in circumstances, necessitating increased support. See LSA-R.S. 9:311. We find no error in the lower court's decision to overrule this exception.
Anent the exception of no right of action, Norwood, as mother of the minor children, is the proper person to seek support on their behalf. LSA-C.C. Art. 142; LSA-R.S. 9:315.8(D).

Choice of Law
Finally, Craig asserts that the lower court erred in utilizing the Louisiana Child Support Guidelines, rather than the applicable Arkansas law. In this regard, appellant relies upon LSA-Ch. C. Art. 1309, indicating that the support duties of the obligor's state control. But while that provision comprises part of the Uniform Reciprocal Enforcement of Support Act (LSA-Ch. C. Arts. 1301, et seq.), the present suit is not a URESA action.
Where an interstate conflict exists, LSA-C.C. Art. 3515 provides that an issue will be governed by the law of the state whose policies would be most seriously impaired if its law were not applied. In the instance before us, Louisiana has a substantial interest, if not an ultimate responsibility, in providing adequate support for these two children living within its boundaries. Conversely, Arkansas's responsibility is remote; its interests are, at most, vicarious and conditional. The children's domiciliary state has a more immediate interest and responsibility, coupled with an ability to regulate matters concerning *216 their welfare. We thus find no error in the decision to utilize the Louisiana child support guidelines. Furthermore, no objection to the use of our law appears of record.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment below is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Norwood now concedes that, if her former husband had not submitted himself to its authority, the district court would have lacked personal jurisdiction.
[2] On this issue, Craig sought supervisory review from this court. Finding no palpable error, we denied the writ application. Norwood v. Craig, 26,281-CW (La.App. 2d Cir. 02/17/94).