JGREMILLION, Judge.
The defendant, Marc A. Jones, appeals the trial court’s judgment granting sole custody and child support to the plaintiff, Vanessa Colon Jones.
PROCEDURAL HISTORY
Vanessa filed a petition for a divorce under La.Civ.Code art. 102 on February 3,1998. A rule was set for March 17, 1998 to determine custody, child support, a restraining order, and other ancillary matters. The petition requested that service be made as follows:
Marc A. Jones
Through His Attorney of Record
Joseph R. Kutch
1010 Main Street
Pineville, LA 71361-3655
Apparently, Kutch had represented Marc on a previous matter. On March 3, 1994, Kutch filed a motion for a continuance because he was to be out of the country ^fulfilling obligations to the United States Army Reserve on the date of the hearing. On March 16, 1998, attorney James E. Calhoun, representing Marc, filed an exception of insufficiency of service of process and asked that the rule be upset and continued. The exception and motion for a continuance were denied.
The rule was heard March 17, 1998, and a judgment rendered on April 16, 1998. In that judgment, the trial court granted sole *541 custody of the minor child of the marriage to Vanessa, reserving reasonable visitation to Marc, set Marc’s child support obligation at $260.00 per month, awarded alimony penden-te lite to Vanessa in the amount of $159.00 per month, granted a preliminary injunction prohibiting Marc from bothering, harassing, or harming Vanessa, and awarded temporary use of the family automobile to Vanessa. Marc appeals from this judgment.
ISSUES ON APPEAL
Mare presents the following issues on appeal:
1. May a valid child custody and child support judgment be taken without service on the defendant, without appearance of defendant and without knowledge of defendant?
2. May a suit for divorce under La.Civ.Code art. 102 commence by service on an attorney and without service on the defendant and without a waiver of service by the defendant?
Essentially, Mark argues that the trial court lacked the personal jurisdiction necessary to render, a judgment against him. We agree. In order for a party to obtain a divorce under La.Civ.Code art. 102, the defendant must be personally served with the original petition, or execute a written waiver of service. La.Code Civ.P. arts. 3956 and 3957. “Personal service is made when a proper officer tenders the citation or other process to the person to be served.” La. Code Civ.P. art. 1¾1232. It is clear from the record that Marc was neither served personally, nor executed a written waiver of service.
Furthermore, we find that service on Kuteh was without effect. Initially we note that it is impossible for him to be counsel of record before the original petition is served. We cannot find authority for service of process on an attorney who may have represented the party in another proceeding. For instance, service on counsel of record is permitted only on pleadings subsequent to the original petition. La.Code Civ.P. arts. 1313 and 1314. “Implicit in the exclusion of the original petition in arts. 1312 and 1314 is the fact that the original petition and citation must be served on the named defendant.” Richardson v. O’Neal, 30,599 (La.App. 2 Cir. 5/13/98); 716 So.2d 26.
While we note that La.Code. Civ.P. art. 6 provides that jurisdiction over the person may be based on the defendant’s submission to the jurisdiction of the court, Kutch never had the authority to act on Marc’s behalf. We, therefore, hold that absent meeting the basis for personal jurisdiction under Article 6, the trial court cannot exercise the legal power and authority to render a personal judgment against Marc.
Because we have held that the trial court had no authority to render a personal judgment against Marc in this matter, it is not necessary for us to consider whether Marc made an appearance in this case. However, we feel compelled to address that issue. Accordingly, we find that Kutch’s motion for a continuance did not submit Marc to the jurisdiction of the trial court. We are cognizant of our holding in Stewart v. Carter, 93-830 (La.App. 3 Cir. 3/2/94); 634 So.2d 1226, where we tfound that by seeking a continuance, the defendant waived all objections to the jurisdiction of the trial court pursuant to La.Code Civ.P. arts. 6 and 7. We held that “LSA-C.C.P. Art. 7 provides that except as otherwise provided therein, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than those five types of relief specified, which do not include a motion for a continuance.” Id. at 1229, citing Gulf South Research Inst. v. Bramlet, 309 So.2d 409, 416 (La.App. 3 Cir.1970). However, Acts 1997, No. 578, amended La.Code Civ.P art. 6 and repealed La.Code Civ.P art. 7. “This amendment simplifies waiver of objection to jurisdiction by providing that a waiver only occurs through the failure to timely file the declinatory exception. The amendment eliminates the waiver through a general appearance.” See 1997 Comment to Acts 1997, No. 578 § 1.
According to our civilian doctrine, legislation (and custom) are authoritative or primary sources of the law. La.Civ.Code art. 1. We are bound by the new legislation as the *542 solemn expression of the legislative will. La. Civ.Code art. 2. We would, therefore, hold that it is the will of the Legislature that even though a motion for continuance is filed in a proceeding, a general appearance is not made if, as in this case, a timely declinatory exception of insufficiency of service of process is also filed. Accordingly, by timely filing the declinatory exception, Marc did not waive his objection to personal jurisdiction nor make a general appearance. Therefore, finding that the trial court lacked jurisdiction over Marc, we vacate its judgment.
[.CONCLUSION
The judgment of the trial court is hereby vacated, and the cause is remanded to the trial court for further proceedings. The costs of this appeal are assessed to the plaintiff-appellee, Vanessa Colon Jones.
JUDGMENT VACATED AND REMANDED.