# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 07-1267


NATALIE JEANNE EDMONDS LORD

VERSUS

BRETT KENNETH LORD


************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 2004-1100
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

************

# MICHAEL G. SULLIVAN
# JUDGE

************

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**Cooks, J., concurs in part, dissents in part, and assigns written reasons.**

### REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.


Martha Ann O'Neal
O'Neal & Leavoy
Post Office Box 1055
DeRidder, Louisiana  70634
(337) 462-6051
Counsel for Plaintiff/Appellee:
    Natalie Jeanne Edmonds Lord

Mitchel M. Evans, II
Attorney at Law
416 North Pine Street
DeRidder, Louisiana  70634
(337) 462-5225
Counsel for Defendant/Appellant:
    Brett Kenneth Lord

**SULLIVAN, Judge.**

Brett Lord appeals the trial court's judgment awarding an increase in child support to his ex-wife. We reverse the increase and remand for further proceedings.

### *Facts*

Brett and Natalie Lord were divorced in November 2005. All matters pertaining to the custody and support of their two minor children were resolved by virtue of a Stipulated Judgment dated December 30, 2004, and all issues pertaining to the community of assets and liabilities existing between them were addressed in a community property partition.

In February 2007, Natalie filed a rule to increase child support. Brett filed a Peremptory Exception of No Right of Action and/or No Cause of Action, Res Judicata. After a hearing, the trial court denied the exceptions. Thereafter, the parties appeared before a hearing officer, who recommended increasing Brett's monthly child support obligation from $1,350 to $1,783. Neither party requested a hearing before the trial court, and the trial court signed a judgment which declared the Hearing Officer's recommendations to be the judgment of the trial court.

Brett appeals, assigning error with the trial court's denial of his exceptions and with the Hearing Officer's increase in his child support obligation.

### *Discussion*

#### *Exceptions*

Brett first contends that the trial court erred in denying his exception of res judicata. The general rule of res judicata is that "a valid and final judgment is conclusive between the same parties, except on appeal or other direct review." La.R.S. 13:4231. *See also* La.Civ.Code art. 425, which requires a litigant to assert

1

"all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Custody, visitation, and support of minor children are exceptions to the general rule. La.R.S. 13:4232; La.Civ.Code art. 425(B).

Brett argues that the Stipulated Judgment addresses his future child support obligations; therefore, Natalie's claim for modification of his child support obligation is res judicata and/or precluded by its disposition in the Stipulated Judgment. He quotes the following provision of the Stipulated Judgment as support for this argument:

> Appearers have further agreed that BRETT KENNETH LORD, shall pay to NATALIE JEANNE LORD the full sum of ONE THOUSAND THREE HUNDRED FIFTY AND NO/100 ($1,350.00) DOLLARS, each month for the care and support of the minor children of the marriage, to be paid on the first day of each month beginning on January 1, 2005. That NATALIE JEANNE LORD, born Edmonds, *shall pay all day care costs.* That child support shall be *reduced* to the sum of ONE THOUSAND AND NO/100 ($1,000.00) per month upon the youngest child of the marriage, Jackson Kenneth Lord, entering kindergarten.

(Emphasis added.)

The trial court determined that the Stipulated Judgment did not limit future modifications of support because it did not provide that the child support payments established therein "should not be modified or why they should not be modified." We find no error with this conclusion.

We also find no error with the trial court's conclusion that Natalie stated a cause of action in her rule to show cause. Brett contends that the rule to show cause fails to state a cause of action because the Stipulated Judgment clearly reflects that he and Natalie agreed to a "staged reduction" of child support. We have reviewed the Stipulated Judgment; it does not clearly state that Brett and Natalie contemplated future child support obligations when they agreed to the terms therein.

2

Brett also asserts that Natalie has no standing to seek an increase in child support but does not address this claim separately from the issue of res judicata. Accordingly, we do not address the issue of standing, finding that the claim was abandoned. Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4.

**Increase in Child Support Obligation**

In her rule to increase child support, Natalie asserted the following changes of circumstances warranted an increase in Brett's child support obligation: medical costs for one of the children had increased; she had to pay child care for the two children; and Brett had an increase in income. In opposition to Natalie's claims, Brett argued that his assumption of extraordinary community obligations in the community property partition should have been considered in conjunction with the request for an increase in child support.

Natalie had the burden of proving that a material change in circumstances had occurred since the Stipulated Judgment. La.Civ.Code art. 142; La.R.S. 9:311. *See also Ezernack v. Ezernack*, 04-1584 (La.App. 3 Cir. 4/6/05), 899 So.2d 198. The record does not contain any evidence concerning either party's income when the Stipulated Judgment was approved or the circumstances under which the Stipulated Judgment was reached. The Hearing Officer relieved Natalie of her burden of proving a substantial change of circumstances, finding that she had shown a substantial change in circumstances which warranted an increase in Brett's child support obligation simply because "the first amount was set by stipulation without a worksheet." This was legal error. In *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731, the supreme court explained, "[a] legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are

3

prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.* at 735. Awarding Natalie an increase in child support without requiring her to prove that she is legally entitled to it was prejudicial to Brett. Therefore, the increase must be reversed.

Reversal of the increase in Brett's child support obligation pretermits review of Brett's remaining contentions as the matter must be retried on remand.

### *Disposition*

The trial court's increase of Brett's child support obligation is reversed, and the matter is remanded to the trial court for further proceedings. Costs are assessed to Natalie Lord.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1267

NATALIE JEANNE EDMONDS LORD

VERSUS

BRETT KENNETH LORD

**COOKS, J., concurs in part and dissents in part.**

In its ruling recommending an increase in the child support obligation, the hearing officer noted the original stipulated child support amount of $1,350.00 was done without use of a worksheet. La.R.S. 9:315.1 provides "[t]here shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support." However, as the hearing officer noted the original amount was not supported by a worksheet.

Without the appropriate and required documentation in regard to the parties' gross income and adjusted gross income, a proper calculation of the basic child support obligation cannot be made. *Phillips v. Phillips*, 595 So.2d 732 (La.App. 5 Cir.1992). The hearing officer undoubtedly concluded that without the use of a worksheet to determine the appropriate child support obligation, a proper calculation under the child support obligation articles was not made. Thus, Natalie did not have to overcome any burden of showing a substantial change in circumstances, as the earlier child support amount was derived from an improper calculation. In *Stewart v. Carter*, 93-830 (La.App. 3 Cir. 3/2/94), 634 So.2d 1226, this court found even though a worksheet appeared in the record, it could not be given any evidentiary weight in assessing the amount of child support because the record did not indicate who prepared the document. Thus, finding the document legally deficient, the appellate court held the "trial court could not properly apply the guidelines and

neither can we." *Id.* at 1231. Accordingly, this court remanded the case for a proper recalculation of the child support obligation based on the present circumstances of the parties. In this case, no worksheet was completed and the hearing officer apparently gave no weight to the previous joint stipulation between the parties that form the basis of the prior support order. I do not agree with the majority's conclusion that this was legal error. The earlier order did not comply with the requirements set forth in the child support articles. I also find without merit the majority's conclusion that the hearing officer awarded "Natalie an increase in child support without requiring her to prove that she is legally entitled to it. . ." Clearly, the hearing officer found an increase in child support was warranted after completing the worksheet statutorily required to determine the appropriate amount of child support. As noted, Natalie was not required to overcome any "presumptive" burden because the previous order was not supported by the necessary documentation mandated by statute. Therefore, I would affirm the judgment in its entirety without remand.